George CARR *v.* STATE of Arkansas

CR 89-75 777 S.W.2d 846

Supreme Court of Arkansas
Opinion delivered October 16, 1989

*Will Stocks*, for appellant.

*Steve Clark*, Att'y Gen., by: *Ann Purvis*, Asst. Att'y Gen., for appellee.

DARRELL HICKMAN, Justice. George Carr was convicted of delivering crack to Johnny Conway and sentenced to 40 years imprisonment and fined $25,000. We reverse the conviction because there was insufficient evidence to prove Carr's guilt.

 Johnny Conway testified that Carr gave him crack to sell. The state, however, failed to produce any independent evidence that Carr delivered crack to anyone, much less Conway. A conviction cannot be based solely on the testimony of an accomplice unless corroborated by other evidence which connects the defendant with the commission of the offense. *Ford* v. *State*, 296 Ark. 8, 753 S.W.2d 258 (1988). The appellant moved for a directed verdict after the state rested and again at the end of all the evidence. A motion for a directed verdict is a challenge to the sufficiency of the evidence, and we will affirm if the verdict is supported by substantial evidence. *Hill* v. *State*, 299 Ark. 327, 773 S.W.2d 424 (1989). The trial judge should have granted it.

The testimony showed that the law enforcement officers were conducting an undercover investigation of narcotics activities in Magnolia and Columbia Counties. The officers placed a house in Magnolia under surveillance because they suspected it was a "crack house." Ronnie Bell, an officer involved in the surveillance, testified that 36 people went in and out of the house during a single day. Each person would stay for only two or three minutes. When each person came to the house, the appellant would step outside on the porch and look around or he would walk around to the west side of the house as though he were a "lookout." When he went back into the house, the person would leave. No officer testified they saw the appellant or anyone else at the house deliver narcotics. No one testified they made a "buy" inside the house.

The officers obtained search warrants and raided the house in Magnolia, but the appellant was not there. Evidently no drugs were found at the house since the state did not introduce them into evidence at trial. Several of the individuals staying at the house were arrested, and the state offered evidence showing that Carr left town the same day these individuals were arrested. The state tried to impeach Walter Runyan, one of their own witnesses.

Runyan's testimony at trial was that he had never seen the appellant deliver any drugs. Carr also testified that he had made some trips to Louisiana and used assumed names when he stayed in motels because he did not want to use his own name.

The state simply did not make a case against Carr. There was no evidence that corroborated the accomplice's testimony and connected the appellant with the crime charged—delivery of narcotics to Conway. The state's failure to corroborate its accomplice's testimony warrants reversal and dismissal due to the insufficiency of the state's proof. *Foster* v. *State*, 290 Ark. 495, 720 S.W.2d 712 (1986), *cert. denied* 482 U.S. 929 (1987).

Reversed and dismissed.