James Edward RICHARDS *v.* STATE of Arkansas

CR 91-221                                       827 S.W.2d 155

Supreme Court of Arkansas
Opinion delivered April 6, 1992

*Henry H. Boyce*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Clint Miller*, Senior Asst. Att'y Gen., for appellee.

DAVID NEWBERN, Justice. The appellant, James Richards, was charged with delivery of cocaine resulting from an incident in which he sold it to an undercover narcotics officer. He raised an alibi defense at trial but was convicted by a jury and sentenced to 40 years imprisonment and a $25,000 fine.

Following the announcement of the sentence and dismissal of the jury, the Circuit Judge stated that he did not have to follow the jury sentence. He increased the term of imprisonment to life and reduced the fine to $5,000.

While the Judge had authority to reduce the fine, we agree with Richards' contention that the Judge was without authority to increase the term of imprisonment fixed by the jury; therefore, we modify the sentence and affirm.

### 1. Jury verdict and sentencing

■ The State concedes the Trial Court erred. Sentencing in Arkansas is entirely a matter of statute, and Ark. Code Ann. § 5-4-103 (1987) provides:

> Sentencing — Role of jury and court.
> (a) If a defendant is found guilty of an offense by a jury, the jury shall fix punishment as authorized by this chapter.

Other parts of the Statute permit a trial judge to set the sentence, but only under four enumerated circumstances, none of which applies to this case. As the Judge lacked statutory authority to increase the term of imprisonment, his action was unauthorized and illegal, and we must modify the sentence to imprisonment by reducing it to the 40-year term fixed by the jury.

■ The Trial Court was, however, authorized to reduce the fine. A judge may reduce the extent or duration of the punishment assessed by the jury if, in his or her opinion, the conviction is proper but the punishment assessed is greater than, under the circumstances of the case, ought to be inflicted, as long as the punishment is not reduced below the limit prescribed by the law. Ark. Code Ann. § 16-90-107(e) (1987). The fine in this case was not reduced below the limit prescribed by law.

Richards asks that we remand the case for resentencing or reduce the sentence. The State asks that we reinstate the jury verdict, suggesting the Judge would not have reduced the fine if he had realized his lack of authority to increase the imprisonment part of the sentence. We find nothing of record to support that suggestion. The Judge said nothing about balancing or setting off the two elements of the sentence. With respect to reducing the fine he mentioned only his perception that Richards would be completely unable to pay it. We thus have no reason to reverse the fine portion of the sentence.

■ When an error has nothing to do with the issue of guilt or innocence and relates only to punishment, it may be corrected

by reducing the sentence in lieu of reversing and remanding for a new trial. *Ellis* v. *State*, 270 Ark. 243, 603 S.W.2d 891 (1970); Ark. Code Ann. § 16-67-325(a) (1987).

The sentence is reduced by modifying the term of imprisonment to the 40-year term fixed by the jury, the fine remains at $5000 as imposed by the Trial Court, and the conviction is affirmed as modified.