John F. GIBSON *v.* STATE of Arkansas

CA CR 92-784                                              852 S.W.2d 326

Court of Appeals of Arkansas
Division I
Opinion delivered March 24, 1993

*Thomas D. Deen*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Catherine Templeton*, Asst. Att'y Gen., for appellee.

JOHN MAUZY PITTMAN, Judge. John F. Gibson, III, appeals from his convictions at a non-jury trial of burglary and theft of property. He contends that insufficient evidence was presented to corroborate the testimony of an admitted accomplice. We agree and reverse and dismiss.

Appellant and Shane Smith were charged with having burglarized the Monticello Country Club and stolen various items. Smith entered a negotiated guilty plea and agreed to testify against appellant. At trial, the State presented evidence establishing that the Monticello Country Club was burglarized on September 8, 1990, and that a cash register, liquor, stereo equipment, and several dozen golf balls were stolen. Smith testified that he and appellant committed the offense and that they hid the stolen property in a barn near Smith's residence. Smith stated that they later disposed of the property. After Smith confessed, the investigating officers retrieved much of the property from those locations where Smith indicated it had been placed, including parts to a cash register on a bridge, liquor in a slough, and speakers in a pond.

Smith also directed the officers to a truck in front of his home from which they retrieved a box containing a dozen golf balls matching the general description of those reported stolen. The truck was owned by appellant's father and used by appellant. It had broken down and had been parked there for about six weeks. Finally, Smith's roommate, Richard Pambianchi, testified that in December 1990 he overheard Smith and appellant talking in an adjoining room and stated that appellant made reference to "having to hide some liquor."

■■■ Appellant argues that the evidence was insufficient to corroborate the testimony of Smith, an admitted accomplice, and, therefore, that the case must be reversed and dismissed. Arkansas Code Annotated § 16-89-111(e)(1) (1987) provides:

> A conviction cannot be had in any case of felony upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the commission of the offense. The corroboration is not sufficient if it merely shows that the offense was committed and the circumstances thereof.

The corroborating evidence need not be sufficient standing alone to sustain the conviction, but it must, independent from that of the accomplice, tend to a substantial degree to connect the defendant with the commission of the crime. *Rhodes* v. *State*, 276 Ark. 203, 634 S.W.2d 107 (1982). In other words, the test is whether, if the testimony of the accomplice were completely eliminated from the case, the other evidence independently establishes the crime and tends to connect the accused with its commission. *Daniels* v. *State*, 308 Ark. 53, 821 S.W.2d 778 (1992). The corroborating evidence may be circumstantial so long as it is substantial. *David* v. *State*, 295 Ark. 131, 748 S.W.2d 117 (1988). While the question of whether every other reasonable hypothesis but that of guilt has been excluded is for the fact finder to determine, *Rhodes* v. *State, supra*, evidence that only raises a suspicion of guilt is insufficient to corroborate an accomplice's testimony. *Henderson* v. *State*, 279 Ark. 435, 652 S.W.2d 16 (1983); *Pollard* v. *State*, 264 Ark. 753, 574 S.W.2d 656 (1978).

In this case, only two pieces of evidence tend to corroborate Smith's testimony regarding appellant's connection to the crimes; the golf balls found in the truck used by appellant and the testimony of Richard Pambianchi that he overheard appellant make reference to hiding liquor. We agree with appellant that this evidence is insufficient corroboration.

Possession of stolen property by an accused is a proper circumstance to consider in determining whether there is evidence tending to connect him with the crimes of burglary and theft. *Daniels* v. *State, supra*. However, recovery of stolen goods from a place jointly occupied by an accomplice is not sufficient corroboration standing alone. *Id.*; *Olles* v. *State*, 260 Ark. 571, 542 S.W.2d 755 (1992). In *Cockrell* v. *State*, 256 Ark. 19, 505 S.W.2d 204 (1974), the supreme court held that the mere fact that stolen property was found in a vehicle belonging to the accused, but to which the accomplice had full accessibility, was insufficient to corroborate the accomplice's testimony.

Here, the truck had been parked at Smith's mobile home for several weeks prior to the search and recovery of the golf balls, and Smith admitted that the key to the truck was kept in his trailer while the truck remained at his residence. Smith denied placing the golf balls in the truck but could not explain how he

knew where they would be found. He also testified that he did not see appellant place the golf balls in the truck. Moreover, the golf balls could not be identified as the stolen property, and were of a variety that could be purchased at most sports stores.

The testimony that appellant had been overheard in December 1990 stating to Smith that he (appellant) "ha[d] to hide some liquor" likewise does not connect appellant to the burglary and theft with which he was charged. Liquor is a commodity that a minor, such as appellant, may have good cause to hide. Based on the testimony, it is not possible to determine whether the liquor allegedly referred to was, in fact, even stolen property. It would certainly be speculative to assume that appellant was making reference to the liquor stolen in a September 8, 1990, burglary of the Monticello Country Club.

■ The State concedes that the above evidence, standing alone, "might not be sufficient corroborating evidence," but argues that there was other abundant physical evidence adduced that was consistent with the accomplice's inculpatory testimony. This argument, however, does not comport with the rule requiring that corroborative evidence be of a substantive nature, directed toward proving the connection of the accused to the commission of the crime and not merely toward corroborating the accomplice's testimony. *See Henderson v. State, supra.* The fact that cash register parts, liquor, and speakers were found where Smith, the accomplice, stated they would be found corroborates Smith's participation in the burglary and theft but does not "tend to a substantial degree to connect the defendant with the crime[s]." *Rhodes v. State*, 276 Ark. at 210, 634 S.W.2d at 111. Because the State failed to offer sufficient corroborating proof, the evidence is insufficient to support the conviction, and we reverse and dismiss. *See Carr v. State*, 300 Ark. 158, 777 S.W.2d 846 (1989).

Reversed and dismissed.

JENNINGS, C.J., and ROBBINS, J., agree.