Johnnie MORRIS *v.* STATE of Arkansas

CA CR 95-556                                         920 S.W.2d 508

Court of Appeals of Arkansas
Division II
Opinion delivered May 1, 1996

*William R. Simpson, Jr.*, Public Defender, by: *C. Joseph Cordi, Jr.*, Deputy Public Defender, for appellant.

*Winston Bryant*, Att'y Gen., by: *J. Brent Standridge*, Asst. Att'y Gen., for appellee.

WENDELL L. GRIFFEN, Judge. This appeal arises from separate rape convictions of the same defendant, Johnnie Morris. On November 28, 1994, appellant Morris was convicted of the June

18, 1994, rape, battery, and kidnapping of Jane Doe[1]. One week later, Morris was convicted of the February 17, 1994, rape of Mary Roe. The Roe rape, although it occurred first, was tried second.

Morris raises three points on appeal. First, he argues that the trial court abused its discretion when it allowed into evidence Jane Doe's testimony about an alleged threat that Morris communicated to her the day after she was raped. Appellant also asks us to reverse the court's denial of his motion in limine which sought to limit the scope of testimony from Jane Doe, his second victim, in the rape trial involving the attack on Mary Roe. Third, appellant asks us to correct an error in the judgment and commitment order that mistakenly listed the kidnapping charge as a Class Y, instead of a Class B, felony. We affirm the first two points and modify the judgment to reflect the appropriate felony class on the third point.

Jane Doe was raped at appellant's residence on June 18, 1994. She reported the attack to the police, and an article concerning a reported rape appeared in a local newspaper the next day. At the rape trial, appellant's counsel sought to exclude Doe's testimony concerning a telephone conversation that appellant had with her after the newspaper article appeared. Appellant allegedly mentioned to her during the conversation that if she had reported a rape, and accused him, then he would be tried for murder rather than rape. Appellant objected to her testimony regarding his post-crime statements on relevancy grounds.

█ Evidence of post-crime conduct has been held relevant and admissible in a variety of contexts under Arkansas law. A defendant's hostility and anger after the killing of his victim was held relevant to show intent. *Segerstrom v. State*, 301 Ark. 314, 783 S.W.2d 847 (1990). In a sexual-abuse case, evidence of the victim's fear and repulsion after the attack was deemed relevant to the issue of consent. *Skiver v. State*, 37 Ark. App. 146, 826 S.W.2d 309 (1992). Even conduct of a defendant on the day of trial was relevant to show guilt. *Morris v. State*, 21 Ark. App. 228, 731 S.W.2d (1987). Objections to circumstantial evidence on grounds of irrelevancy are not favored because the force and effect of circumstantial facts usually and almost necessarily depend upon their connection with each other. *Grigsby v. State*, 260 Ark. 499, 542 S.W.2d 275 (1976).

---

[1] The victims' real names have been changed.

■ The trial court did not abuse its discretion by admitting the testimony of appellant's threat. Relevant evidence is evidence having any tendency to make the existence of any fact of consequence to the determination of the action more probable or less probable than it would be without the evidence. Ark. R. Evid. 401. The fact that the threat occurred the day after the crime made it no less relevant to the issues of consent, intent, or guilt.

■ Because it was not an abuse of discretion to admit the evidence, we also hold that it was not an abuse of discretion to deny appellant's motion for a mistrial. A mistrial is a drastic remedy to which resort should be had only when there has been an error so prejudicial that justice cannot be served by continuing the trial. *Reel v. State*, 318 Ark. 565, 886 S.W.2d 615 (1994). The denial of appellant's motion for a mistrial is affirmed.

Appellant's second point on appeal involves his motion in limine in the second (Mary Roe) rape case. He sought to present testimony from Jane Doe, the victim in the first rape case, that she was knocking on appellant's bedroom window about the time of the Mary Roe rape, and that she heard nothing unusual. Appellant sought to present this testimony to show consent in the Mary Roe case, but wanted also to limit the testimony to avoid any reference Jane Doe might make to her own rape that occurred in the same bedroom five months later.[2]

■ The trial court denied appellant's motion in limine. Appellant then elected not to present testimony from Jane Doe. On appeal, appellant assigns error to the trial court's denial of the motion, and he contends that he should not have been forced to make the Hobson's choice between presenting testimony from a witness with both exculpatory and inculpatory information and presenting no testimony from that witness at all. However, the denial of a motion in limine, by its very nature, often leaves the proponent of the evidence with several choices, any of them potentially unfavorable. The proponent may decide to forego presenting any proof from the witness. He may decide to present the proof through another source deemed less damaging. Or, the proponent

---

[2] The trial court was obviously struck by the irony of the prospect of a rape victim testifying in defense of her attacker in a subsequent proceeding. The court characterized this turn of events as "unfair," "misleading to the jury," and "heinous."

may decide to run the risk of the damaging testimony in the hope that the trier of fact will give it less weight than the testimony that is not damaging. This dilemma is not improper, however uncomfortable it may be for the party affected by it. Here, the court's ruling did not deny a right or compel appellant's decision one way or the other. Whether to put Jane Doe on the stand or not was a matter of trial strategy — a process that trial lawyers and their clients must undertake in every trial. It was not an abuse of discretion for the court to decline to immunize appellant from making that choice and facing its consequences.

For his final point, appellant urges us to correct the judgment and commitment order that listed appellant's kidnapping charge as a Class Y felony. Appellant points us to Ark. Code Ann. § 5-11-102(b) (Repl. 1993) which classifies kidnapping as a Class Y felony "except that if the defendant shows by a preponderance of the evidence that he or an accomplice voluntarily released the person restrained alive and in a safe place prior to trial, it is a Class B felony." The jury specifically found that appellant voluntarily released Jane Doe "alive and in a safe place." Appellant asserts, and appellee agrees, that the correct classification of kidnapping on these facts should have been Class B.

An error which relates only to punishment may be corrected by reducing the sentence in lieu of reversing and remanding for a new trial. *Richards* v. *State*, 309 Ark. 133, 827 S.W.2d 155 (1992). By statute, this court may also reverse, affirm, or modify the judgment or order appealed from, in whole or in part and as to any or all parties. Ark. Code Ann. § 16-67-325(a) (1987). Accordingly, we modify the judgment and commitment order to reflect kidnapping as a Class B felony in this matter. Otherwise, the judgment is affirmed.

Affirmed as modified.

MAYFIELD, J., agrees.

PITTMAN, J., concurs in the result.