Eddie PICKETT *v.* STATE of Arkansas

CA CR 96-45                                    935 S.W.2d 281

Court of Appeals of Arkansas
En Banc
Opinion delivered December 18, 1996

*Katherine S. Street,* for appellant.

*Winston Bryant,* Att'y Gen., by: *Kent G. Holt,* Asst. Att'y Gen., for appellee.

JOHN MAUZY PITTMAN, Judge. Eddie Pickett appeals from his conviction at a jury trial of residential burglary and theft of property, for which he was sentenced to concurrent terms of thirty and ten years in the Arkansas Department of Correction. On appeal, he contends that the trial court erred in denying his motions for directed verdicts of acquittal on grounds that insufficient evidence was presented to corroborate the testimony of an admitted accomplice. We agree, and we reverse and dismiss.

Appellant and Anthony Bluford were charged with the felonies of residential burglary and theft of property in connection with crimes committed against Ms. Jeannie Barnett and her family. Bluford entered negotiated guilty pleas and was placed on probation. At appellant's trial, the State presented evidence establishing that Ms. Barnett's home was burglarized on August 24, 1994, and that several items of personal property were stolen, including a cordless telephone that had been broken and taped back together, a

watch, four Nintendo game cartridges, and a T-shirt. Bluford testi-
fied that he and appellant broke into the Barnett home together.
Bluford testified that he took some game cartridges and a watch,
and that appellant picked up a cordless telephone and some shirts.
Bluford testified that he then left appellant inside the house and
went alone to a pawn shop to sell what he had taken.

Mr. Jerry Burson, an employee of El Dorado Pawn, testified
that he was working on August 24, 1994. He testified that two men
came in on that date and sold four Nintendo cartridges. Mr. Burson
did not recognize and could not identify the two men, but one of
them presented Anthony Bluford's driver's license as identification.

Ms. Barnett testified that she left her house between 12:30 and
1:00 p.m. on the day of the crimes. She testified that, when she left,
appellant was standing by himself in the carport of her next-door
neighbor's home and spoke to her. She testified that she was gone
from an hour to an hour and a half, and returned between 1:30 and
2:00 p.m. to discover the burglary and theft. She further testified
that the game cartridges retrieved from the pawn shop were the
ones stolen from her home and were the only items ever recovered.

Ms. Barnett testified that she first saw appellant on the evening
before the burglary. He had come to her door with some younger
neighbors and asked her son for a cigarette.

Officer Jamie Morrow of the El Dorado Police Department
testified that he interviewed appellant in connection with the bur-
glary. The officer testified that appellant denied any knowledge of
the burglary and offered an alibi. According to the officer, appellant
stated that he owned a white cordless telephone with a piece of tape
on the back. No such telephone was found in a subsequent search
of appellant's home.

■ Appellant argues that the evidence was insufficient to
corroborate the testimony of Bluford, an admitted accomplice, and
that his convictions must therefore be reversed and dismissed. We
agree.

Arkansas Code Annotated § 16-89-111(e)(1) (1987) provides:

> A conviction cannot be had in any case of felony upon
> the testimony of an accomplice unless corroborated by other
> evidence tending to connect the defendant with the com-
> mission of the offense. The corroboration is not sufficient if

it merely shows that the offense was committed and the circumstances thereof.

The corroborating evidence need not be sufficient standing alone to sustain the conviction, but it must, independent from that of the accomplice, tend to a substantial degree to connect the defendant with the commission of the crime. *Rhodes v. State*, 276 Ark. 203, 634 S.W.2d 107 (1982); *Gibson v. State*, 41 Ark. App. 154, 852 S.W.2d 326 (1993). The test is whether, if the testimony of the accomplice were completely eliminated from the case, the other evidence independently establishes the crime and tends to connect the accused with its commission. *Gordon v. State*, 326 Ark. 90, 931 S.W.2d 91 (1996); *Gibson v. State, supra*. The corroborating evidence may be circumstantial so long as it is substantial; evidence that merely raises a suspicion of guilt is insufficient to corroborate an accomplice's testimony. *Gordon v. State, supra; Gibson v. State, supra*.

■■ Here, we agree with the State that the evidence independent of Bluford's testimony was sufficient to establish that the crimes were committed. We further agree that the presence of an accused in the proximity of a crime, opportunity, and association with a person involved in the crime are relevant facts in determining the connection of an accomplice with the crime. *See Passley v. State*, 323 Ark. 301, 915 S.W.2d 248 (1996). However, proof that merely places the defendant near the scene of a crime is not sufficient corroborative evidence of the defendant's connection to it. *Farrar v. State*, 241 Ark. 259, 407 S.W.2d 112 (1966). Here, aside from Bluford's testimony, the only evidence produced by the State to connect appellant with the commission of these offenses is that he was present on the victim's next-door neighbor's property some sixty to ninety minutes before the crimes were discovered. That is not sufficient to satisfy the requirement of § 16-89-111(e)(1). *See id.*

Reversed and dismissed.

JENNINGS, C.J., and ROBBINS, ROGERS, and STROUD, JJ., agree.

MAYFIELD, J., dissents.

MELVIN MAYFIELD, Judge, dissenting. The majority opinion correctly points out that the issue here is whether there is sufficient evidence to corroborate the testimony of Bluford, an admitted accomplice. However, the majority opinion concludes that "aside from Bluford's testimony, the only evidence produced by the State

to connect appellant with the commission of these offenses is that he was present on the victim's next-door neighbor's property some sixty to ninety minutes before the crimes were discovered." I do not agree with that conclusion.

The burglary occurred on August 24, 1994. Mrs. Jeanne Barnett testified that the evening before the burglary the appellant came to her door and asked her son for a cigarette. She identified the appellant in the courtroom as the young man who came to her door, and she testified that he came into the living room where the Super Nintendo video game was set up. She said four Super Nintendo cartridges were taken in the burglary, as were some other things. She got the Nintendo cartridges back from a pawn shop managed by Mr. Burson.

A cordless telephone was one of the other things taken in the burglary. Mrs. Barnett said it had been broken and she had taped it together. Officer Jamie Morrow testified that when he interviewed appellant, appellant denied having any knowledge of the burglary, but he admitted to Officer Morrow that he had a white portable telephone with a piece of tape on it.

In addition, Mrs. Barnett testified that when she left her house the day of the burglary, the appellant was standing on her next-door neighbor's carport. He spoke to her and said he was her new neighbor. Moreover, Jerry Burson, who operated a pawn shop, testified that on August 24, 1994, two men came to his shop and sold him four Nintendo cartridges. He could not identify the men, but one had a driver's license issued to Anthony Bluford.

Corroboration of an accomplice's testimony need not be sufficient, in and of itself, to sustain a conviction. It may be slight and not altogether satisfactory and convincing, if substantial. *Olles & Anderson v. State*, 260 Ark. 571, 573, 542 S.W.2d 755 (1976); *Klimas v. State*, 259 Ark. 301, 534 S.W.2d 202. The acts, conduct, and declarations of the accused before or after the crime, including his testimony at the trial, may furnish the necessary corroboration. *Olles & Anderson, supra*; *Ford v. State*, 205 Ark. 706, 170 S.W.2d 671 (1943); *Dickson v. State*, 197 Ark. 1161, 127 S.W.2d 126 (1939); *Long v. State*, 192 Ark. 1089, 97 S.W.2d 67 (1936); *Stroud v. State*, 167 Ark. 502, 268 S.W. 850 (1925); *Russell v. State*, 97 Ark. 92, 133 S.W. 188 (1910).

The presence of an accused in the proximity of a crime,

opportunity, and association with a person involved in a crime in a manner suggestive of joint participation, are each relevant factors in determining the connection of an accomplice with the crime. *Ashley* v. *State*, 22 Ark. App. 73, 78, 732 S.W.2d 872, 874 (1987). It is unnecessary that the evidence be sufficient to sustain the conviction, but the evidence must, independent from that of the accomplice, tend to a substantial degree to connect the defendant with the commission of the crime. *Rhodes* v. *State*, 276 Ark. 203, 210, 634 S.W.2d 107, 111-12 (1982). This court reviews the sufficiency of the evidence by the test of whether the verdict of guilt is supported by substantial evidence, which means whether the jury could have reached its verdict without resort to speculation and conjecture. *Cassell* v. *State*, 273 Ark. 59, 616 S.W.2d 485 (1981). Where circumstantial evidence is used to support accomplice testimony, all facts in evidence can be considered to constitute a chain sufficient to present a question for resolution by the jury as to the adequacy of the corroboration, and the appellate court will not look to see whether every other reasonable hypothesis but that of guilt has been excluded. *Johnson* v. *State*, 303 Ark. 12, 17, 792 S.W.2d 863, 865 (1990); *Rhodes, supra; McDonald* v. *State*, 37 Ark. App. 61, 63, 924 S.W.2d 396, 398 (1992).

While I agree that the evidence corroborating the testimony of the accomplice was slight, still the corroboration was sufficient to justify the court in submitting the question to the jury. The jury found appellant guilty, and I would affirm its verdict; therefore, I dissent.