Jack BLAGG, Jr. *v.* STATE of Arkansas

CA CR 00-72                                    31 S.W.3d 872

Court of Appeals of Arkansas
Division II
Opinion delivered December 6, 2000

*Hough & Hough, P.A.*, by: *Stephen G. Hough*, for appellant.

*Mark Pryor*, Att'y Gen., by: *C. Joseph Cordi, Jr.*, Ass't Att'y Gen., for appellee.

WENDELL L. GRIFFEN, Judge. Jack Blagg, Jr., appeals from his sentences for possession of marijuana with intent to deliver and possession of drug paraphernalia. The Sebastian County Circuit Court ordered him to serve consecutive sentences of thirty years on the possession-of-marijuana charge and fifteen years on the possession-of-drug-paraphernalia charge. His sole argument on appeal is that the trial court erred in relying upon the jury's recommendation that the sentences be served consecutively, rather than using its own discretion in sentencing. We affirm his sentences.

A jury found appellant guilty of possession of marijuana with intent to deliver and possession of drug paraphernalia. During the sentencing phase, the jury submitted a note to the trial judge asking whether the sentences would run consecutively or concurrently. The trial judge read into the record his handwritten response to the jury, which stated, "You may make a recommendation as to whether the sentences run consecutive[ly] or concurrent[ly], but the ultimate decision will be made by [the] Court." Appellant's counsel objected to the court responding in any manner except to inform the jury that it could not consider matters that were not part of the record, and contended that the terms "consecutive" or "concurrent" were not made part of the record by the court or the parties. The court responded that "these are adult jurors and I am sure they have heard the term concurrent or consecutive before this trial started."

The jury recommended that the court sentence appellant to serve consecutive sentences totaling forty-five years. After the trial court sentenced appellant, counsel for appellant made oral motions to set aside the verdict and the sentence, and specifically requested that the trial court use its inherent discretion to correctly sentence appellant pursuant to Arkansas statutes. The trial court denied appellant's motions. Appellant appeals on the sole ground that the trial court erred in not using its discretion in sentencing.[1]

---

[1] We note that the State argues that this court should dismiss appellant's appeal for want of jurisdiction, because appellant's record as abstracted does not show the record on appeal was timely lodged. The State clearly errs in making this argument. Appellant filed his

■ Arkansas Code Annotated section 5-4-403 (Repl. 1997) states in part that "when multiple sentences of imprisonment are imposed on a defendant convicted of more than one offense . . . the sentences shall run concurrently unless the court orders the sentences to run consecutively." Appellant concedes that it is solely within the trial court's discretion whether to sentence a defendant to serve concurrent or consecutive sentences, but argues that the trial court did not exercise its discretion because it deferred to the jury's recommendation. *See Acklin v. State*, 270 Ark. 879, 606 S.W.2d 594 (1980). We hold that the trial court did not fail to exercise its discretion in this case, and did not err in imposing consecutive sentences.

For support, appellant cites *Wing v. State*, 14 Ark. App. 190, 686 S.W.2d 452 (1985), and *Acklin v. State, supra*. In *Wing*, the trial judge stated that he thought it was presumptuous to "go against" a jury verdict, that he rarely did so, and stated that if the jury had wished the sentences to run concurrently, it would have so indicated. *See Wing v. State, supra*. Based on these comments, the *Wing* court found that the trial judge attempted to implement what he perceived the jury wanted rather than exercise his own discretion in sentencing, and therefore, reversed and remanded for resentencing. *See Wing v. State, supra*. In *Acklin*, the trial judge stated: "It's my customary rule to run consecutive sentences imposed by jurors . . . it's just my judgment in the matter that generally that's what the jury intends to do." *Acklin v. State*, 270 Ark. at 881, 606 S.W.2d at 595.

In this case, after the jury had reached its verdict but before the trial judge had imposed the sentence, the following exchange between the court and the jury foreperson took place:

> COURT: I note that in the note that was brought to the clerk concerning whether the sentence would run consecutive[ly] or concurrent[ly], that someone has circled that

notice of appeal on June 23, 1999. Therefore, in accordance with Arkansas Rule of Appellate Procedure—Civil 5(b), unless appellant received an extension of time to file his transcript, his record was due to be lodged with the Clerk of the Supreme Court on or before Thursday, October 21, 1999. The record was not lodged until January 19, 2000. However, the addendum in appellant's record shows that he filed a motion to extend time to lodge the transcript, and contrary to appellee's assertion, clearly contains a photocopy of the trial court's timely order, issued on October 7, 1999, granting appellant until January 20, 2000, to file the record and transcript. Therefore, appellant's appeal was timely lodged.

> the sentences should run consecutive[ly]. Is that your circling Mr. Rowlett?
>
> ROWLETT: Yes it is, Your Honor.
>
> . COURT: Is that the recommendation of all of the jurors?
>
> ROWLETT: Yes, Your Honor.

At this point, appellant's attorney requested that the jurors be polled, and all of the jury members indicated that the sentences be served consecutively. The prosecutor then made the following statement:

> STATE: Your Honor, I think the jury was specific in what it felt it was doing and deliberately made the fifteen years different than the thirty and asked and circled that they be run consecutive[ly]. So I think that it was their wish and their intent that he be sentenced to forty-five years.

█ It is obvious that the trial judge was well-aware of the prosecutor's and the jury's desire that the sentences run consecutively. However, the appellate court will not presume that the trial judge failed to exercise his discretion. See *Urquhart v. State*, 273 Ark. 486, 621 S.W.2d 218 (1981). Moreover, the fact that the trial court considered the jury's recommendation and the prosecutor's statement does not establish that the trial judge failed to exercise his discretion in sentencing. See *Teague v. State*, 328 Ark. 724, 946 S.W.2d 670 (1997)(holding the trial judge's statement that it was sentencing the defendant "in keeping with the verdict and recommendation of the jury" did not indicate the failure of the court to exercise discretion).

█ In *Acklin* and *Wing*, the trial judges made statements plainly indicating that they were not exercising their discretion. The instant case is distinguishable. First, the remarks by the trial judges in *Wing* and *Acklin* indicated that those judges not only failed to exercise their discretion in sentencing, but that they *routinely* failed to exercise their discretion in sentencing.[2] By contrast, the trial

---

[2] In fact, the supreme court remanded for the exercise of discretion in sentencing due to similar comments made by the same trial judge in *Wing* (in another case by the same name) only a few months after the *Wing* case cited above was delivered. See *Wing v. State*, 286

judge in the instant case made no statements that can be construed to indicate that he did not intend to exercise his discretion in sentencing appellant, or that he routinely failed to do so. Indeed, the trial judge stated that the ultimate decision would be made by the court, thereby indicating his understanding that the jury's recommendation was purely advisory. Therefore, we hold that the trial judge did not fail to exercise his discretion in sentencing appellant, and did not err in sentencing appellant to serve consecutive sentences.

Affirmed.

ROAF and PITTMAN, JJ., agree.