Billy Frank BROWN *v.* STATE of Arkansas

CA CR 02-846                                    110 S.W.3d 293

Court of Appeals of Arkansas
En Banc
Opinion delivered April 30, 2003

*Steven R. Davis*, for appellant.

*Mark Pryor*, Att'y Gen., by: *Lauren Elizabeth Heil*, Ass't Att'y Gen., for appellee.

KAREN R. BAKER, Judge. A Cleveland County jury convicted the appellant of manufacturing methamphetamine and possession of drug paraphernalia with intent to manufacture methamphetamine and sentenced him to prison terms of ten years and five years respectively. The trial court ordered him to serve the sentences consecutively and also suspended imposition of an additional five years for each conviction. The appellant challenges his convictions and sentences, arguing that the trial court erred by denying his motion for a directed verdict and by adding

five-year suspended sentences to the terms of imprisonment decided by the jury. We affirm the trial court's denial of a directed verdict; however, we affirm as modified on the second point because we agree that the trial court was without authority to increase the terms of imprisonment fixed by the jury, even though the additional imposition of sentence was suspended.

Appellant first argues that there is insufficient evidence to sustain a conviction because of the uncorroborated testimony of the admitted accomplices. The State responds that appellant bears the burden of proving that a witness is an accomplice whose testimony must be corroborated. The State urges that because appellant did not seek to have the trial court declare either of the witnesses, Ms. Harkins or Mr. Adams, an accomplice as a matter of law or submit the issue to the jury, he is precluded from raising the accomplice–corroboration rule on appeal. The State relies upon *Windsor v. State*, 338 Ark. 649, 1 S.W.3d 20 (1999).

In *Windsor*, the supreme court explained that when a trial court does not find a witness to be an accomplice, and the defendant fails to request that accomplice instructions be submitted to the jury for consideration, the issue is not preserved for appellate review. *Id.* at 656, 1 S.W.3d at 24. It is clear from the record in this case that the court, the defense counsel, and the prosecutor all accepted the fact that these witnesses were accomplices. Defense counsel based her directed-verdict motion on the fact that the State had failed to provide corroboration as a matter of law. The prosecutor responded to the motion by specifically referring to the witnesses' roles in the manufacturing of the methamphetamine. The court interrupted the prosecutor's recitation with the question, "Where is the corroboration of the accomplices? . . . Of the accomplices' statements. I mean, you can't convict on their statements alone." The colloquy continued, debating the sufficiency of the corroboration, and ending with the trial judge's denial of the motion finding that there was sufficient corroboration of the accomplices' testimony to move the case forward. The court unambiguously found these witnesses to be accomplices, regardless of the omission of the phrase, "the court finds these witnesses to be accomplices."

█ The State further insists that even if the judge's rulings are construed to mean that the court found the witnesses to be accomplices, that appellant's failure to have the jury instructed that the accomplices' testimony required corroboration independently precludes review. The State mistakenly imposes a two-part requirement on the *Windsor* clarification of accomplice corroboration. The supreme court in *Windsor* stated that "[a] defendant must *either* have the trial court declare a witness to be an accomplice as a matter of law *or* submit the issue to the jury for determination. *Windsor v. State*, 338 Ark. at 656, 1 S.W.3d at 24 (emphasis added). Accordingly, appellant's sufficiency-of-the-evidence argument is preserved for appeal.

█ Although the argument is preserved, it fails. In *Pickett v. State*, 55 Ark. App. 261, 935 S.W.2d 281 (1996), this court held:

> The corroborating evidence need not be sufficient standing alone to sustain the conviction, but it must, independent from that of the accomplice, tend to a substantial degree to connect the defendant with the commission of the crime. *Rhodes v. State*, 276 Ark. 203, 634 S.W.2d 107 (1982); *Gibson v. State*, 41 Ark.App. 154, 852 S.W.2d 326 (1993). The test is whether, if the testimony of the accomplice were completely eliminated from the case, the other evidence independently establishes the crime and tends to connect the accused with its commission. *Gordon v. State*, 326 Ark. 90, 931 S.W.2d 91 (1996); *Gibson v. State, supra*. The corroborating evidence may be circumstantial so long as it is substantial; evidence that merely raises a suspicion of guilt is insufficient to corroborate an accomplice's testimony. *Gordon v. State, supra; Gibson v. State, supra*.

*Pickett v. State*, 55 Ark. App. at 264, 935 S.W.2d at 282 (1996).

In this case, evidence other than the accomplice testimony tends to a substantial degree to connect the defendant with the commission of the crime. At trial, Investigator Gary Young of the Cleveland County Sheriff's Office testified that on May 15, 2001, his office received a call from Randy Hurt, a property owner who complained that there were unauthorized occupants in his house on Adams Road. Investigator Young and a deputy accompanied Mr. Hurt to the residence, where they encountered Alisha Louque and

Valerie Harkins. The two women agreed to allow Mr. Hurt and the police to inspect the inside of the house for damage. During this inspection, in one of the bedrooms, Investigator Young saw a "corner baggie," which is commonly used to package methamphetamine, and residue that he believed to be methamphetamine. He subsequently asked Ms. Louque and Ms. Harkins to step outside whereupon he obtained their consent to search the house. Because the search of the house and the surrounding area uncovered the components of a methamphetamine laboratory, Investigator Young placed Ms. Louque and Ms. Harkins, and a third occupant of the house, Keenan Camp, under arrest. A fourth person, Lester Adams, was later arrested. As a result of information obtained during interviews of those persons, Investigator Young discovered more components of a methamphetamine laboratory, consisting of an anhydrous ammonia tank and an Igloo cooler containing ammonia, at the site of a dilapidated house near the house owned by Mr. Hurt. Also, as a result of those interviews, he developed the appellant as a suspect and arrested him.

At trial, the defense stipulated that:

> the paraphernalia necessary to manufacture Crystal Methamphetamine was found on or about the location in question on Adams Road in Cleveland County, Arkansas — on or about May 15, 2001. The Defendant will further stipulate that traces of Crystal Methamphetamine were found on some of the drug paraphernalia items and that Crystal Methamphetamine was manufactured at that location on or about May 15, 2001.

Taken together, this evidence independently establishes the crimes of manufacturing methamphetamine and possession of drug paraphernalia.

Sufficient evidence also connects appellant with the commission of the crime. After his arrest, appellant gave a statement to the police in which he admitted to offering to drive to Little Rock to buy "pills" to manufacture methamphetamine and to giving Mr. Adams $80.00 in exchange for double the amount of methamphetamine that he would have been able to purchase on the street. He stated that, while in Little Rock, he, Mr. Adams, and Ms. Louque went to an Exxon Station and to Radio Shack

and Wal-Mart where they obtained batteries and starting fluid, respectively. They returned to the house, where he helped unload the supplies and left. According to appellant, he returned later that day to pick up his share of the finished product. At trial, appellant claimed that the $80.00 he gave Mr. Adams was intended to help him pay his rent and to buy drugs, rather than purchase ingredients to manufacture methamphetamine. He acknowledged the Little Rock shopping trip, but claimed that he only bought batteries for a flashlight and that he was unaware of the items purchased by the other two. Finally, he claimed that, despite his initials and signature verifying its accuracy, he did not supply the incriminating information in his statement.

The trier of fact may believe all or part of any witness's testimony and may resolve conflicts in testimony and inconsistencies in evidence. *Polk v. State*, 348 Ark. 446, 73 S.W.3d 609 (2002). Appellant's statement clearly tended to connect him with the crime and the jury was free to believe him. Therefore, there was sufficient corroboration of the accomplices' testimony and sufficient evidence to support the verdict.

For his second point, appellant claims that the court was without jurisdiction to suspend imposition of an additional sentence against him. The jury's verdict recommended a sentence of ten years and no fine on the one count of manufacturing methamphetamine. The jury verdict further recommended a sentence of five years and a fine of zero dollars on the count of possession of drug paraphernalia.

Sentencing in Arkansas is entirely a matter of statute. Arkansas Code Annotated section 5-4-103(a) (1987) provides that "[i]f a defendant is found guilty of an offense by a jury, the jury shall fix punishment as authorized by this chapter." Other parts of the statute permit a trial court to set the sentence, but only under enumerated circumstances, none of which apply to this case. *See Richards v. State*, 309 Ark. 133, 827 S.W.2d 155 (1992). Because the judge lacked statutory authority to increase the term of imprisonment, his action was unauthorized and illegal, and we modify the sentence by reducing it to the term fixed by the jury. *See id.*

The State argues that once the trial court sentences the defendant to a term of imprisonment according to the jury's recommendation, that the trial court then has the power to add an additional term of imprisonment and suspend the imposition of sentence as to that additional term. The State relies upon Arkansas Code Annotated § 5-4-104(e)(3) (Supp 2001), which provides that "a trial court may sentence the defendant to a term of imprisonment and suspend imposition of sentence as to an additional term of imprisonment." The State reasons that while Arkansas Code Annotated § 5-4-103(b) limits the trial court's authority to fix punishment under certain circumstances, the statutes are no limitation on the court's authority to suspend imposition of additional terms of imprisonment, as it is the "court, and not the jury, [that] has the power to suspend imposition of sentence." *See Rhoades & Emmerling v. State*, 270 Ark. 962, 968, 607 S.W. 2d 76, 80 (1980) *cert. denied*, 452 U.S. 915 (1981). It further argues that if we adopt appellant's argument, we will render section 5-4-104(e)(3) a nullity.

■ We reject that argument. The judge's suspension of the additional terms of imprisonment does not negate the fact that the judge increased the terms of imprisonment fixed by the jury. The trial court had no authority to increase the jury's fixed term of imprisonment. However, this does not render section 5-4-104(e)(3) a nullity. It is the court's function to impose a sentence, and it is the court's obligation to exercise its discretion in the imposition of that sentence. *See Rodgers v. State*, 348 Ark. 106, 71 S.W.3d 579 (2002); *Blagg v. State* 72 Ark. App. 32, 31 S.W.3d 872 (2000). A trial court may reduce the extent or duration of the punishment assessed by the jury if, in the judge's opinion, the conviction is proper but the punishment assessed is still greater than, under the circumstances of the case, ought to be inflicted, as long as the punishment is not reduced below the limit prescribed by the law. *Richards*, 309 Ark. at 134, 827 S.W.2d at 156; Ark. Code Ann. § 16-90-107(e) (1987). In such a case, the court could reduce the term of imprisonment, then suspend an additional term of imprisonment, with the sum of the two terms not exceeding the jury's original fixed term of imprisonment. Therefore, section 5-4-104(e)(3) is not rendered a nullity.

■ When an error has nothing to do with the issue of guilt or innocence and relates only to punishment, it may be cor-

rected by reducing the sentence in lieu of reversing and remanding for a new trial. *Richards, supra*; *Ellis v. State*, 270 Ark. 243, 603 S.W.2d 891 (1970); Ark. Code Ann. § 16-67-325(a) (1987).

The sentences are reduced by modifying each term of imprisonment to the term fixed by the jury. The conviction is affirmed as modified.

Affirmed as modified.

GLADWIN and NEAL, JJ., agree.