# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-1722

_____

United States of America,       *
                       *

      Plaintiff - Appellee,    *
                       *  Appeal from the United States

    v.                       *  District Court for the
                       *  Southern District of Iowa.

Truong Mai Vo,         *
also known as Jimmy Vo,    *
                       *

      Defendant - Appellant.  *

_____

Submitted: September 14, 2005
Filed: October 6, 2005

_____

Before MURPHY, HANSEN, and GRUENDER, Circuit Judges.

_____

MURPHY, Circuit Judge.

Truong Mai Vo, also known as Jimmy Vo, was convicted by a jury of conspiracy to distribute controlled substances, distribution of a controlled substance within 1,000 feet of a playground, and distribution within 1,000 feet of a school. He was sentenced by the district court[1] to 156 months imprisonment and appeals, now arguing that he is entitled to resentencing because of sentencing entrapment and manipulation. We affirm.

--------

[1]The Honorable Ronald E. Longstaff, Chief Judge, United States District Court for the Southern District of Iowa.

In August 2003 law enforcement officers in Iowa were alerted by officials in New York that large quantities of MDMA (3,4-methylenedioxy-N-methamphetamine), popularly known as Ecstasy, were being shipped to Des Moines for distribution. A confidential informant led police to Vo, and an undercover officer purchased illegal drugs from him on eight separate occasions. Vo sold the officer four ounces of cocaine, 1045 Ecstasy pills of varying types, and a sample of marijuana for a total purchase price of $13,400. The undercover agent testified that he continued making buys from Vo in order to learn about the source of the drugs and to identify other members of the operation, and he did obtain from them information about the dates of expected drug shipments to Des Moines and the identities of others involved in their distribution.

As part of a Drug Enforcement Administration initiative labeled "Operation Candy Box," which targeted an extensive network distributing illegal substances, officers conducted thirty five warrant searches in sixteen different cities in the United States on March 31, 2004. In the thirty five searches in the United States and in fifty others conducted in Canada, authorities seized $2,862,300 in United States currency, 7,000 Ecstasy tablets, 206 pounds of marijuana, 34 weapons, and 35 vehicles. One hundred and thirty individuals were arrested. At Vo's residence, officers recovered 797 Ecstasy tablets, 13.9 grams of cocaine, 3.5 grams of marijuana, and nicotinamide, a cutting agent.

A grand jury in the Southern District of Iowa indicted Vo and four others for conspiracy to distribute Ecstasy, cocaine, and marijuana in that district and elsewhere. It also charged Vo with distribution of Ecstasy within 1,000 feet of a playground, distribution of Ecstasy within 1,000 feet of an elementary school, and distribution of Ecstasy to a person under twenty one. In addition, Vo and another codefendant were indicted for possession of a firearm in relation to a drug trafficking offense.

The charge of distributing Ecstasy to an underage person was dismissed before trial, and Vo went to trial on the other counts. The jury found him guilty of conspiracy and the two distribution counts, but not guilty on the firearm charge. In special interrogatories the jury was asked whether or not it found beyond a reasonable doubt that 100 kilograms or more of marijuana and 5 kilograms of cocaine were involved in the conspiracy and reasonably foreseeable to Vo. The jury answered these questions in the affirmative, but it was not asked about the quantity of Ecstasy reasonably foreseeable to him.

Vo was sentenced after the Supreme Court decided United States v. Booker, 125 S.Ct. 738 (2005). At the sentencing hearing the district court began by calculating a guideline sentence. After considering Vo's response to the presentence investigation report, the government's sentencing memorandum, the evidence at trial, and arguments by the parties, the district court found Vo responsible for 35,700 Ecstasy pills, 11.25 kilograms of cocaine, and more than 100 kilograms of marijuana, producing a base offense level of 34. Vo's argument that he should only be held responsible for the amounts purchased by the undercover officer or found by the jury in the special interrogatories was rejected. The district court applied a one level enhancement for proximity to a protected location, but declined to apply enhancements for possession of a firearm or for role in the offense. Vo's total offense level of 35 and criminal history category I yielded an advisory guideline range of 168 to 210 months. After taking into account Vo's background and his attempt to cooperate prior to trial, the district court sentenced him to serve 156 months.

Now Vo argues on appeal that his sentence is the unlawful result of sentencing entrapment and sentencing manipulation. In United States v. Overstreet, 5 F.3d 295, 297 (1993), we declined to address a sentencing entrapment argument not raised in the district court when the appellant offered "no explanation for his failure" to do so. While Vo has offered no explanation for his failure to raise his sentencing arguments to the district court, the government has not cited Overstreet and has not argued that

Vo waived his sentencing arguments. We also note that the appellant in Overstreet raised additional arguments on appeal which the court did address, in contrast to Vo's appeal which is focused only on sentencing entrapment and manipulation. In these circumstances we choose to address his arguments. They are subject to plain error review since he forfeited the claims in the district court. To establish plain error, Vo must show (1) an error, (2) that is plain, that not only (3) affected his substantial rights, but also (4) "seriously affect[ed] the fairness, integrity, or public reputation of judicial proceedings." Johnson v. United States, 520 U.S. 461, 466-67 (1997).

Vo claims that governmental conduct during the investigation of his crimes improperly subjected him to an increased sentence. If an individual, "predisposed to commit a minor or lesser offense, is entrapped in[to] committing a greater offense subject to greater punishment" he may have a sentencing entrapment defense. United States v. Stuart, 923 F.2d 607, 613 (8th Cir. 1991). The focus of such a defense is on the defendant's predisposition to commit the crime. United States v. Searcy, 284 F.3d 938, 942 (8th Cir. 2002). In contrast, sentencing manipulation focuses on "whether the government stretched out the investigation merely to increase (the defendant's sentence)," United States v. Shepard, 4 F.3d 647, 649 (8th Cir. 1993), but the defense is undermined by evidence that a series of undercover purchases was made for the purpose of probing "the depth and extent of a criminal enterprise, [determining] whether coconspirators exist, [or tracing] the drug deeper into the distribution hierarchy." United States v. Calva, 979 F.2d 119, 123 (8th Cir. 1992). Vo also relies on U.S.S.G. § D1.1, cmt. 12, under which a sentence may be decreased if a defendant "establishes that he or she did not intend to provide, or was not reasonably capable of providing, the agreed upon quantity."

Vo was found responsible for 35,700 Ecstasy pills, 11.25 kilograms of cocaine, and in excess of 100 kilograms of marijuana, the quantity of drugs connected to the conspiracy that the district court found reasonably foreseeable to him, rather than the relatively small amounts purchased by the undercover officer. The district court

-4-

heard evidence that the undercover agent made repeated purchases to gather more information about the overarching conspiracy, as well as evidence indicating Vo's disposition to sell illegal substances in the quantities sold to the officer. This evidence included testimony by his coconspirators about Vo's willingness to participate in drug deals of similar quantities before he ever met the undercover agent.

Moreover, Vo fails to explain how sentencing manipulation and sentencing enhancement would apply here where his sentence was based on his involvement in the conspiracy and not on the limited quantity of drugs he sold to the undercover agent. There is also ample evidence indicating Vo's predisposition to commit the offenses and showing that the series of buys produced useful information about other coconspirators. We conclude that Vo has not shown plain error or in fact any error in his sentence. See Johnson, 520 U.S. at 466-67.

Accordingly, we affirm the judgment of the district court.

_____