Joseph Franklin FORD  *v.*  STATE of Arkansas

CA CR 06-1030                                              257 S.W.3d 560

Court of Appeals of Arkansas
Opinion delivered May 23, 2007

*The Ronald L. Davis Jr. Law Firm*, by: *Ronald L. Davis Jr.*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *David R. Raupp*, Sr. Ass't Att'y Gen., for appellee.

KAREN R. BAKER, Judge.  A Union County jury convicted appellant Joseph Franklin Ford of four counts of delivery of a controlled substance, four counts of possession of a controlled substance, and one charge of possession of drug paraphernalia and recommended sentencing of appellant to a total of one hundred fifty-three (153) years in the Arkansas Department of Correction. At trial, defense counsel made a motion to run the sentences concurrently, but the trial judge ran the same consecutively. On appeal, appellant asserts that the sentence was the result of sentence manipulation by law enforcement officers who engaged in conduct designed

to increase the punishment of appellant and that the trial judge erred in sentencing appellant to consecutive sentences. We find no error and affirm.

The charges against appellant arose from four separate sting operations culminating in a series of four controlled buys facilitated through a confidential informant. A narcotics investigator with the El Dorado Police Department, Jeff Stinson, testified regarding the facts and circumstances surrounding the controlled buys. In his testimony, he stated that the officers had enough information after the first transaction to arrest appellant; however, he further explained that they preferred to have multiple buys to avoid an anticipated defense by the accused that the transaction was an isolated incident. He also confirmed that more buys resulted in higher sentences. In response to the question as to why the officers did not continue to raise the number of transactions to ten buys, Officer Stinson explained that it was a matter of resources and allocation of those resources.

On appeal, appellant argues that the officer's explanation supports his argument. Specifically, he asserts that the trial judge erred in sentencing appellant to consecutive sentences because the conduct of the law enforcement officials amounted to sentence manipulation in violation of appellant's rights under the Eighth Amendment and Due Process Clause of the United States Constitution. In presenting his argument, appellant acknowledges that the cases he relies upon to assert error arose in the context of federal courts' interpretation of the mandatory sentencing guidelines in the federal sentencing scheme.

Several federal circuit courts, including the Eighth Circuit, have adopted the doctrines of either "sentence entrapment" or "sentence factor manipulation." Sentencing entrapment occurs when an individual who is predisposed to commit a minor or lesser offense is entrapped into committing a greater offense subject to greater punishment. *U.S. v. Mai Vo*, 425 F.3d 511 (8th Cir. 2005). The focus of such a defense is on the defendant's predisposition to commit the crime. *United States v. Searcy*, 284 F.3d 938, 942 (8th Cir. 2002). In contrast, sentencing manipulation occurs when the government engages in improper conduct that has the effect of increasing a defendant's sentence. *Mai Vo, supra*.

The sentencing entrapment or manipulation doctrine developed in response to perceived abuses of the restrictive scheme of the federal sentencing guidelines. *United States v. Berg*, 178 F.3d

976 (8th Cir. 1999); *United States v. Stuart*, 923 F.2d 607 (8th Cir. 1991). These guidelines set forth narrow sentencing ranges determined by both the severity of the offense and the defendant's criminal record. These ranges are required by statute to be no more than six months or twenty-five percent of the minimum, unless the minimum exceeds thirty years. 28 U.S.C. § 994(b)(2). A judge must impose a sentence within that narrow range if the case is "an ordinary one." *Koon v. United States*, 518 U.S. 81, 92 (1996). Despite this restriction, a judge may depart from the range when the case is atypical and involves aggravating or mitigating circumstances that the United States Sentencing Commission did not adequately consider when it created the guidelines. 18 U.S.C. § 3553(b)(1) (1994). Although the commission provides guidance on what factors make a case atypical, *see* United States Sentencing Guidelines (U.S.S.G.) §§ 5H1.1–5H1.12; 5K2.0–5K2.23, a sentencing court is not constrained to these factors; a court may depart from the guidelines based on any circumstance not considered by the commission so long as the circumstance is consistent with the sentencing factors established by Congress. *Koon*, 518 U.S. at 94–96.

While recognizing that other federal courts refuse to acknowledge the concept of sentencing entrapment or sentencing manipulation, *United States v. Stavig*, 80 F.3d 1241 (8th Cir. 1996), the Eighth Circuit has held that a court may legally rely upon sentencing entrapment to depart from the sentencing range in the guidelines.[1] *Berg*, 178 F.3d at 981. The Ninth Circuit in *United States v. Staufer*, 38 F.3d 1103 (9th Cir. 1994), has expressed particular concern that the federal sentencing scheme would not ensure that defendants would be sentenced on the basis of their culpability because of abuse of the sentencing scheme by government agents. *Staufer*, 38 F.3d at 1106-07. The court stated that "courts can ensure that the sentences imposed reflect the defen-

---

[1] The United States Supreme Court in *U.S. v. Booker*, 543 U.S. 220 (2005), severed and excised two specific statutory provisions of the Sentencing Guidelines on constitutional grounds: the provision that requires sentencing courts to impose a sentence within the applicable Guidelines range (in the absence of circumstances that justify a departure), see 18 U.S.C. § 3553(b)(1) (Supp. 2004), and the provision that sets forth standards of review on appeal, including *de novo* review of departures from the applicable Guidelines range, see § 3742(e) (2000 ed. and Supp. IV) . . . With these two sections excised (and statutory cross-references to the two sections consequently invalidated), the remainder of the [Sentencing Reform] Act satisfies the Court's constitutional requirements. *Id.* at 259.

dants' degree of culpability only if they are able to reduce the sentences of defendants who are not predisposed to engage in deals as large as those induced by the government." *Id.* at 1107. The court then found that the commission had considered this public policy concern of sentence entrapment as reflected in the amendment application note to U.S.S.G. § 2D1.1 on reverse sting operations. Thus, the court concluded, allowing a judge to depart from the sentencing range after finding that the government had engaged in sentencing entrapment is consistent with the sentencing factors prescribed by Congress. *Id.*

Based on the above analysis, the Ninth Circuit has subsequently held that if a defendant proves by a preponderance of the evidence that the law enforcement officer engaged in sentencing entrapment, a district court may reduce the prescribed sentences in one of two ways. *United States v. Riewe*, 165 F.3d 727, 729 (9th Cir.1999); *United States v. Parrilla*, 114 F.3d 124, 127 (9th Cir. 1997). First, the court may grant a downward departure from the sentencing range under the federal guidelines. *Riewe*, 165 F.3d at 729. Second, the court may apply only the penalty provision for the lesser offense that the defendant was predisposed to commit rather than the offense that the defendant was induced to commit. *Id.* This second option allows the court to circumvent 21 U.S.C. § 841(b), which creates a statutory minimum sentence requirement for drug-related offenses. *See id.*

Appellant urges us to apply this defense and hold that the decision of the law enforcement authorities to charge appellant with multiple similar offenses amounted to sentence manipulation. He contends that the authorities' decision was solely for the purpose of increasing appellant's exposure to a sentence in excess of the statutory maximum that could otherwise have been imposed by the court under the law for a single offense. Further, he urges us to find that the trial court's imposition of consecutive sentences was an abuse of discretion in violation of appellant's constitutional rights.

Our supreme court has not adopted the doctrine of sentence manipulation. Given the discretion afforded our trial judges in the imposition of sentencing, the statutory sentencing scheme in Arkansas allows for a much broader discretion within its sentencing range than the federal guidelines. Under our statutory scheme, it is the court's function to impose a sentence, and it is the court's obligation to exercise its discretion in the imposition of that sentence. *Brown v. State*, 82 Ark. App. 61, 68, 110 S.W.3d 293, 298

(2003) (citing *Rodgers v. State*, 348 Ark. 106, 71 S.W.3d 579 (2002); *Blagg v. State*, 72 Ark. App. 32, 31 S.W.3d 872 (2000)). A trial court may reduce the extent or duration of the punishment assessed by the jury if, in the judge's opinion, the conviction is proper but the punishment assessed is still greater than, under the circumstances of the case, ought to be inflicted, as long as the punishment is not reduced below the limit prescribed by the law. *Brown*, 82 Ark. App. at 68, 110 S.W.3d at 298 (citing *Richards v. State*, 309 Ark. 133, 134, 827 S.W.2d 155, 156; Ark. Code Ann. § 16-90-107(e) (1987)).

Furthermore, the trial judge clearly exercised his discretion in accepting the jury's recommendation for consecutive sentences. Arkansas Code Annotated section 5-4-403 (Repl. 2006) provides in relevant part:

> (a) When multiple sentences of imprisonment are imposed on a defendant convicted of more than one (1) offense, including an offense for which a previous suspension or probation has been revoked, the sentences shall run concurrently unless, upon recommendation of the jury or the court's own motion, the court orders the sentences to run consecutively.
>
> . . . .
>
> (d) The court is not bound by a recommendation of the jury concerning a sentencing option under this section.

In *Acklin v. State*, 270 Ark. 879, 606 S.W.2d 594 (1980), our supreme court held that although the criminal code vests the choice between concurrent and consecutive sentences in the judge, and not the jury, there must be an exercise of judgment by the trial judge, and not a mechanical imposition of the same sentence in every case. *Id.* Similarly, in *Wing v. State*, 14 Ark. App. 190, 686 S.W.2d 452 (1985), we stated that in making the decision between concurrent and consecutive sentences, the trial judge should make it clear that it is his or her discretion being exercised when entering the sentences and not the jury's.

The trial judge in this case specifically accepted the jury's recommendation of consecutive sentences, noting that the sentences imposed on each count were less than the maximum and that the approach was consistent with other jury sentences in the county. Under these facts, we cannot say that the trial court abused

its discretion in accepting the jury's recommendation of consecutive sentences nor that the imposition of consecutive sentences violated his Eighth Amendment or due-process rights. Accordingly, we affirm.

Affirmed.

GLOVER and MILLER, JJ., agree.