United States Court of Appeals
FOR THE EIGHTH CIRCUIT
No. 97-1211

United States of America,                        *
                                                 *
              Appellee,                          *
                                                 *
       v.                                        *    Appeal from the United States
                                                 *    District Court for the Western
Jeremiah A. Jacobs,                              *    District of Missouri.
                                                 *
              Appellant.                         *

_____

Submitted:  December 9, 1997

Filed:  February 18, 1998
_____

Before FAGG, BEAM, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
_____

MORRIS SHEPPARD ARNOLD, Circuit Judge.

       After a two-day trial in 1992, a jury convicted Jeremiah Jacobs of three offenses related to marijuana and one offense related to methamphetamine, see 21 U.S.C. § 841(a)(1), § 841(b)(1)(B)(vii), § 841(b)(1)(B)(viii), § 856(a)(1), and of using a firearm during and in relation to a drug offense, see 18 U.S.C. § 924(c)(1).  The trial court sentenced Mr. Jacobs to 63 months on each of the drug offenses (the sentences to run concurrently) and to 60 months on the firearm offense (the sentence to run consecutively to the sentences for the drug offenses).  On appeal, we affirmed

Mr. Jacobs's convictions.  See United States v. Jacobs, 4 F.3d 603 (8th Cir. 1993) (per curiam).

Mr. Jacobs subsequently moved for relief in the district court under 28 U.S.C. § 2255, arguing that the evidence was insufficient as a matter of law to support his conviction on the firearm offense (because the firearm was hanging on a wall, not being "used") and thus that his conviction and sentence on that offense should be vacated. While Mr. Jacobs's motion was pending in the district court, the Supreme Court decided Bailey v. United States, 516 U.S. 137, 116 S. Ct. 501 (1995).  In that case, the Supreme Court held that in order to obtain a conviction for "using" a firearm during and in relation to a drug offense, the government must prove that the defendant "actively employed" the firearm.  Id., 516 U.S. at 150, 116 S. Ct. at 509; see also id., 516 U.S. at 143-44, 148-49, 116 S. Ct. at 505-06, 508.

Citing Bailey, the district court granted Mr. Jacobs's motion for relief and vacated his conviction and sentence on the firearm offense.  The district court concluded, however, that resentencing on the four drug offenses was appropriate, since a two-level enhancement under the federal sentencing guidelines for possession of a firearm, see U.S.S.G. § 2D1.1(b)(1), might be applicable to the drug offenses. (According to the original presentence report, the conviction for the firearm offense precluded that enhancement, as a matter of law, when Mr. Jacobs was originally sentenced.)

At Mr. Jacobs's resentencing, the district court applied the two-level enhancement and sentenced Mr. Jacobs to 78 months on each of the drug offenses (the sentences to run concurrently).  Mr. Jacobs appeals, contending that the district court improperly applied the enhancement, failed to give him the benefit of an amendment to the guidelines that has the effect of reducing the amount of marijuana for which he is responsible (thus affecting the offense level to be used in determining his sentence), and failed to require the government to prove which of two types of methamphetamine

was involved (and thus which marijuana equivalency is applicable, for sentencing purposes, to the amount of methamphetamine for which Mr. Jacobs is responsible). We vacate Mr. Jacobs's sentence and remand his case to the district court for limited further proceedings consistent with this opinion.

## I.

At Mr. Jacobs's resentencing, the district court ruled that "it is not clearly improbable" that the weapon that was the basis for the vacated firearm conviction, and two other weapons found in Mr. Jacobs's house, were connected with the drug offenses. See U.S.S.G. § 2D1.1, application note 3. We see no error in that ruling. See, e.g., United States v. Vaughn, 111 F.3d 610, 616 (8th Cir. 1997).

## II.

It is undisputed that Mr. Jacobs is responsible, with respect to sentencing calculations, for 364 marijuana plants (although the parties' stipulation of facts inexplicably gives the number as 354 plants). Under the guidelines in effect at the time of Mr. Jacobs's offenses and at the time of his original sentencing, for cases involving fifty or more marijuana plants, each plant was assigned, for sentencing purposes, a weight of one kilogram. In 1995, an amendment to the guidelines took effect that assigned each plant, regardless of how many plants were involved, a weight of 100 grams. See U.S.S.G. app. C, amend. 516; see also U.S.S.G. § 2D1.1(c) note (E), and U.S.S.G. § 2D1.1, background, ¶ 4. Since a drug defendant's offense level is affected by the weight of the drugs for which that defendant is responsible, see U.S.S.G. § 2D1.1(a)(3), § 2D1.1(c), the amendment has the effect of reducing the weight that is considered, for sentencing purposes, in a case involving fifty or more marijuana plants.

The 1995 amendment to the guidelines was specifically made retroactive. See U.S.S.G. § 1B1.10(c) (policy statement), § 1B1.10, application note 1, application note 2, and § 1B1.10, background, ¶¶ 2-4; see also U.S.S.G. § 1B1.10(a) (policy statement), § 1B1.11(b)(1) (policy statement). The amendment is thus relevant to Mr. Jacobs and

authorizes a reduction in his sentence, at the discretion of the district court.  See U.S.S.G. § 1B1.10 (policy statement), § 1B1.10, application note 3, and § 1B1.10, background, ¶ 4; see also 18 U.S.C. § 3582(c)(2).  If the district court at Mr. Jacobs's resentencing had applied that amendment, Mr. Jacobs's offense level would have been lower by at least two levels, and his potential incarceration time would have been reduced, at a minimum, from a range of 78-97 months to a range of 63-78 months.

The government does not dispute that the amendment is relevant to Mr. Jacobs. The government contends, however, that he did not call attention to the relevant amendment in his motion for relief under 28 U.S.C. § 2255 or at his resentencing and, therefore, that he should raise the issue now by means of a separate motion for relief under 18 U.S.C. § 3582(c)(2).

In response, Mr. Jacobs points to a filing that he made in the district court approximately four months after the effective date of the amendment, which was approximately seven months after his motion for relief under 28 U.S.C. § 2255, approximately seven months before the district court vacated his conviction and sentence on the firearm offense because of the application of Bailey v. United States, 516 U.S. 137, 116 S. Ct. 501 (1995), and approximately nine months before his resentencing.  That filing is denominated "Supplemental Memorandum in Support of Defendant's Motion Pursuant to 28 U.S.C. § 2255 to Further [Move] under 18 U.S.C. § 3582(c)(2) and Sentencing Guideline § 1B1.10 for Reduction of Sentence Based on Guideline Amendment Effective November 1, 1995, Concerning Weight Equivalency of Marihuana Plants."  The filing unequivocally raises and discusses the issue in question here.

We have no doubt that the district court merely overlooked that filing and that the district court's subsequent failure to consider it was inadvertent.  Nonetheless, it is clear to us that Mr. Jacobs did adequately raise, prior to this appeal, the issue of the amendment to the guidelines affecting the weight of marijuana to be considered, for

-4-

sentencing purposes, in a drug defendant's case. We believe that the most appropriate way to proceed at this point is, therefore, to vacate Mr. Jacobs's sentence and to remand his case for further consideration of this issue.

## III.

Mr. Jacobs correctly states that under the guidelines in effect at the time of his offenses and at the time of his original sentencing, the appropriate marijuana equivalency for methamphetamine, for sentencing purposes, depended on which of two types of methamphetamine was involved. The guidelines have since been amended to eliminate any difference between types of methamphetamine with respect to marijuana equivalency, and currently use the higher equivalency for all types. See U.S.S.G. app. C, amend. 518, ¶ 6, ¶ 17. The amended version of the guidelines was in effect at the time of Mr. Jacobs's resentencing.

Mr. Jacobs asserts that the government offered no evidence, however, either at his original sentencing or at his resentencing, with respect to the type of methamphetamine involved and, therefore, that the district court at his resentencing improperly used the higher marijuana equivalency in considering the amount of methamphetamine for which Mr. Jacobs is responsible. Although his argument is not as explicit as it might be, it is fair to say that he is contending both that his due process rights were thus violated and that the use of the higher marijuana equivalency violated the constitutional guarantee against ex post facto laws, see U.S. Const. art. I, § 9, cl. 3; see also U.S.S.G. § 1B1.11(b)(1) (policy statement).

Mr. Jacobs did not make either of those contentions in any objections to his original presentence report, at his original sentencing, in his direct appeal, in his motion for relief under 28 U.S.C. § 2255, or at his resentencing. The government therefore contends that Mr. Jacobs has forfeited this issue and is thus now barred from raising it. In response, Mr. Jacobs argues, first, that there was plain error by the district court at his resentencing and, second, that he received ineffective assistance of counsel at his

-5-

resentencing and thus that, even absent plain error, he is excused for his failure to raise the issue before now.

We note, as a preliminary matter, that even if Mr. Jacobs is barred for other purposes from raising the issue of whether the district court at his resentencing applied the appropriate marijuana equivalency for the relevant methamphetamine, we may consider whether the district court's action amounted to plain error. See, e.g., United States v. Morris, 18 F.3d 562, 565-66 (8th Cir. 1994), and United States v. Jennings, 12 F.3d 836, 838-40 (8th Cir. 1994); see also United States v. Ryan, 41 F.3d 361, 366 (8th Cir. 1994) (en banc), cert. denied, 514 U.S. 1082 (1995).

Mr. Jacobs argues that the district court at his resentencing committed plain error by failing to require the government to prove what type of methamphetamine was involved in his offense. The district court at Mr. Jacobs's resentencing, however, did not address the question of which type of methamphetamine was involved in his offense (and thus which marijuana equivalency was appropriate). Rather, the district court at Mr. Jacobs's resentencing merely adopted as its "findings of fact [in that respect] the sentencing guideline calculation[]" in the original presentence report on Mr. Jacobs.

That report applies the higher marijuana equivalency in considering the amount of methamphetamine for which Mr. Jacobs is responsible; there is no discussion, or even mention, of the potentially applicable lower marijuana equivalency. It appears, then, by extension, that what Mr. Jacobs is actually arguing is that the district court at his resentencing committed plain error by adopting the calculation from his original presentence report.

We observe that two different standards of review for "plain error" must be differentiated here. Because Mr. Jacobs brought this case in the district court by means of a motion for relief under 28 U.S.C. § 2255 with respect to his original sentencing, United States v. Frady, 456 U.S. 152 (1982) (standard of review for plain error on

collateral challenge), would govern our consideration of the district court's actions at Mr. Jacobs's original sentencing and, presumably, of any of the district court's actions at his resentencing that are outside the contours of his motion under 28 U.S.C. § 2255. With respect to his resentencing, however, Mr. Jacobs is appealing for the first time any of the district court's actions prompted by his motion under 28 U.S.C. § 2255. United States v. Olano, 507 U.S. 725 (1993) (standard of review for plain error on direct appeal), therefore would govern our consideration of those actions. We need not untangle the mare's nest of which standard of review for plain error governs an issue related to an interim amendment to the guidelines, however, because there was no plain error at Mr. Jacobs's resentencing under either standard.

As far as we can tell, our court has never considered any cases involving alleged plain error on a collateral challenge to a district court's failure to require the government to prove, for sentencing purposes, what type of methamphetamine was involved in a defendant's offense when the guidelines contained the two-category scheme in effect at the time of Mr. Jacobs's original sentencing. In United States v. Griggs, 71 F.3d 276, 282 (8th Cir. 1995), however, our court held on a direct appeal that it was not plain error for a district court to adopt the calculation in a presentence report and thus to make an implicit finding, for sentencing purposes, that the relevant methamphetamine was the one carrying the higher marijuana equivalency under the two-category scheme in the guidelines, even though the government offered no evidence with respect to the type of methamphetamine involved in the defendant's offense. Since the standard of review for plain error on a collateral challenge is even more deferential to the district court than that applicable on a direct appeal, see, e.g., United States v. Frady, 456 U.S. at 164, see also Embrey v. Hershberger, 131 F.3d 739, 740 (8th Cir. 1997) (en banc), we have no hesitation in holding, with respect to a collateral challenge, that there was no plain error by the district court in Mr. Jacobs's case. Accord United States v. McMullen, 98 F.3d 1155, 1157 (9th Cir. 1996), cert. denied, 117 S. Ct. 2444 (1997); see also United States v. Acklen, 47 F.3d 739, 742 n.4 (5th Cir. 1995), cert. denied, 117 S. Ct. 1017 (1997) (by implication).

United States v. Griggs, 71 F.3d at 282, explicitly controls with respect to a direct appeal. We hold, therefore, that to the extent that Mr. Jacobs is directly appealing the district court's actions at his resentencing that related to the interim amendment to the guidelines, there was no plain error by the district court in his case.

IV.

Our conclusion that the district court at Mr. Jacobs's resentencing committed no plain error means that we must still consider the question of whether he is barred from arguing that the district court violated the constitutional guarantees of due process and against ex post facto laws by adopting the calculation from his original presentence report that applied the higher marijuana equivalency with respect to the amount of methamphetamine for which he is responsible. Mr. Jacobs asserts that he received ineffective assistance of counsel at his resentencing and offers that assertion as the explanation for his admitted failure to challenge, at his resentencing, the district court's adoption, for resentencing purposes, of the higher marijuana equivalency with respect to the relevant methamphetamine. The government does not address the merits of the questions of ineffective assistance of counsel, due process, or ex post facto laws in any of its briefs in this appeal, although it does intimate, in a very oblique way in one of its early briefs, that if Mr. Jacobs asserted a claim of ineffective assistance of counsel, he might not be barred from raising the issues of due process and ex post facto laws.

Since no district court has yet considered Mr. Jacobs's assertion of ineffective assistance of counsel at his resentencing, we do not have a sufficient factual record against which to evaluate that assertion. We thus decline to consider it (or the parallel question of whether Mr. Jacobs is barred from raising the issues of due process and ex post facto laws) at this point.

Ordinarily we would suggest that Mr. Jacobs file a separate motion for relief under 28 U.S.C. § 2255 with respect only to the issues of ineffective assistance, due process, and ex post facto laws in order to establish a factual record on those issues

suitable for appellate review.  See, e.g., United States v. Scott, 26 F.3d 1458, 1467 (8th Cir. 1994), cert. denied, 513 U.S. 1019 (1994).  Since we are remanding the case for other reasons, however, we direct the district court to proceed as it deems appropriate with respect to the issues of ineffective assistance, due process, and ex post facto laws (either allowing Mr. Jacobs to amend his motion under 28 U.S.C. § 2255 in this case or requiring Mr. Jacobs to initiate a new case by filing another, separate motion under 28 U.S.C. § 2255 on those issues).

V.

For the reasons stated, we vacate Mr. Jacobs's sentence and remand the case for limited further proceedings consistent with this opinion.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.