# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-3308

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Petitioner - Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | District of Minnesota. |
| | * | |
| Timothy Eckerson, | * | **[TO BE PUBLISHED]** |
| | * | |
| Respondent - Appellant. | * | |

_____

Submitted:   May 17, 2002

Filed:   August 8, 2002

_____

Before LOKEN, HEANEY and MURPHY, Circuit Judge.

_____

PER CURIAM.

Timothy Eckerson is serving a ten-year sentence for federal drug trafficking offenses.  In November 2000, he was transferred to the Federal Medical Center at Rochester, Minnesota (FMCR), for psychiatric evaluation after he exhibited gross psychological deterioration, threatened other inmates, and was physically aggressive toward staff at the Federal Correctional Institute in Elkton, Illinois. FMCR staff have concluded that Eckerson suffers from undifferentiated schizophrenia and is need of treatment for this mental disease.  Eckerson denies that he is mentally ill and refuses to be treated voluntarily.  In this situation, the government may file a motion to have

the inmate committed to the Attorney General for hospitalization, and the district court shall grant the motion if, after a hearing, "the court finds by a preponderance of the evidence that the person is presently suffering from a mental disease or defect for the treatment of which he is in need of custody for care or treatment in a suitable facility." 18 U.S.C. § 4245(d). The government filed that motion, the district court[1] granted the motion after an evidentiary hearing, and Eckerson appeals. We affirm.

FMCR Staff Psychiatrist Christine Sigurdson and Mr. Eckerson testified at the evidentiary hearing. The hearing record reflects that, at FMCR, Eckerson was initially detained in the Special Housing Unit and then released to an open unit. On March 21, 2001, he made a comment construed as encouraging another inmate not to take his medication, threatened the officer who intervened, and then had to be taken to the Special Housing Unit by force. Based upon the hearing testimony and Dr. Sigurdson's lengthy Psychiatric Evaluation report dated April 12, 2001, and applying the legal standard for determining whether an inmate is in need of treatment adopted in United States v. Horne, 955 F. Supp. 1141, 1147 (D. Minn. 1997) (treatment must be needed for more than merely the unwilling inmate's benefit), the district court found that Eckerson suffers from a mental disease or defect and is in need of treatment because he "will pose a danger to staff, other inmates, and himself, if his mental illness is left untreated."

On appeal, Eckerson accepts the legal standard applied by the district court but argues that the court's finding that he is in need of treatment was clearly erroneous. After careful review of the hearing transcript and the documentary evidence, we conclude the district court did not clearly err. Accordingly, we affirm the district court's Order dated September 10, 2001, that Timothy Eckerson be committed to the

---

[1]The HONORABLE DAVID S. DOTY, United States District Judge for the District of Minnesota, who adopted the report and recommendation of the late JOHN M. MASON, United States Magistrate Judge for the District of Minnesota.

custody of the Attorney General under 18 U.S.C. § 4245 and hospitalized at FMCR for observation and treatment.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.