# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-3048

_____

United States of America,

        Appellee,

v.

Kenneth Epps,

        Appellant.

\*
\*
\*
\*    Appeal from the United States
\*    District Court for the
\*    District of Minnesota
\*
\*      [UNPUBLISHED]
\*

_____

Submitted: April 15, 2004

Filed: April 26, 2004

_____

Before BYE, McMILLIAN, and RILEY, Circuit Judges.

_____

PER CURIAM.

      Federal inmate Kenneth Epps appeals from the final judgment entered in the United States District Court[1] for the District of Minnesota committing him to the custody of the Attorney General under 18 U.S.C. § 4245, which provides for the involuntary hospitalization of an imprisoned person suffering from a mental disease

_____

[1]The Honorable David S. Doty, United States District Judge for the District of Minnesota, adopting the report and recommendations of the Honorable Susan Richard Nelson, United States Magistrate Judge for the District of Minnesota.

or defect, until treatment is no longer needed or the expiration of the inmate's sentence, whichever occurs first. After a hearing, the district court found the government had met its burden of establishing by a preponderance of evidence that Epps suffers from a mental illness requiring treatment in a suitable facility, such as the Federal Medical Center (FMC) in Rochester, Minnesota. See 18 U.S.C. § 4245(d) (burden of proof). Contrary to Epps's argument on appeal, we conclude the district court's finding was not clearly erroneous. See United States v. Eckerson, 299 F.3d 913, 914-15 (8th Cir. 2002) (per curiam) (standard of review). Specifically, the government offered testimony of FMC staff psychiatrist Dr. Daniel Shine, who saw Epps regularly over a considerable period of time. Dr. Shine's opinion concerning Epps's diagnosis and need for treatment, expressed at the hearing and in a written psychological evaluation, supported the district court's order.

Accordingly, we affirm the judgment of the district court. Counsel's motion to withdraw is granted.

_____