# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-2106

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| Willie Earl Clark, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: December 24, 2004
Filed: January 10, 2005

_____

Before BYE, MELLOY, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Federal inmate Willie Earl Clark appeals the district court's[1] order committing him to the custody of the Attorney General under 18 U.S.C. § 4245, which provides for the involuntary hospitalization of an imprisoned person suffering from a mental disease or defect, until treatment is no longer needed or the expiration of the inmate's sentence, whichever occurs first. After a hearing, the district court found the

_____

[1]The Honorable Richard E. Dorr, United States District Judge for the Western District of Missouri, adopting the report and recommendations of the Honorable James C. England, United States Magistrate Judge for the Western District of Missouri.

government had met its burden of establishing by a preponderance of evidence that Clark suffers from a mental illness requiring treatment in a suitable facility. See 18 U.S.C. § 4245(d) (burden of proof). Having carefully reviewed the record, we conclude the district court's finding was not clearly erroneous. See United States v. Eckerson, 299 F.3d 913, 914-15 (8th Cir. 2002) (per curiam) (standard of review).

Specifically, the government offered a January 2004 report prepared by mental health professionals who were involved with Clark's care at the United States Medical Center for Federal Prisoners (MCFP) in Springfield, Missouri, where Clark is confined. These MCFP professionals diagnosed schizoaffective and antisocial personality disorders and hypertension; they opined that Clark's paranoid and delusional thinking prevented him from making rational decisions about his medical care, including his need for antihypertensive medication; and they recommended Clark's commitment under section 4245. An independent mental health professional, who emphasized that he had interviewed Clark after Clark had been receiving psychotropic medication for three months, reported that there were no blatant symptoms of a mental disease or defect at the time of the interview which would clearly preclude Clark's ability to function adequately in a regular correctional setting. Notwithstanding this second report, the opinions of the MCFP professionals supported the district court's order.

Accordingly, we affirm the judgment of the district court. Counsel's motion to withdraw is granted. Clark's pro se motions on appeal are denied.

_____