# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-1792

_____

United States of America,                   *
                                             *
             Appellee,          *
                                             *
                                             *   Appeal from the United States
    v.                                      *   District Court for the
                                             *   District of Minnesota.
Virgil Bryant,                               *
                                             *        [UNPUBLISHED]
             Appellant.        *

_____

Submitted: July 5, 2006
Filed: July 12, 2006

_____

Before COLLOTON, BEAM, and HANSEN, Circuit Judges.

_____

PER CURIAM.

      Federal inmate Virgil Bryant appeals the district court's[1] order committing him to the custody of the Attorney General under 18 U.S.C. § 4245, which provides for the involuntary hospitalization of an imprisoned person suffering from a mental disease or defect, until treatment is no longer needed or the expiration of the inmate's sentence, whichever occurs first. After a hearing, the district court found the government had met its burden of establishing by a preponderance of evidence that

_____

[1]The Honorable John R. Tunheim, United States District Judge for the District of Minnesota, adopting the report and recommendations of the Honorable Franklin L. Noel, United States Magistrate Judge for the District of Minnesota.

Bryant suffers from a mental illness requiring treatment in a suitable facility. See 18 U.S.C. § 4245(d) (burden of proof). Having carefully reviewed the record, we conclude the district court's finding was not clearly erroneous. See United States v. Eckerson, 299 F.3d 913, 914-15 (8th Cir. 2002) (per curiam) (standard of review).

Specifically, the government offered a June 2004 report prepared by mental health professionals who were involved with Bryant's care at the Federal Medical Center (FMC) in Rochester, Minnesota, where Bryant is confined. These FMC professionals diagnosed psychotic disorder, substance abuse (in remission), and antisocial personality traits; they opined that Bryant's symptoms would likely remit if he accepted appropriate psychiatric treatment, but it was highly unlikely he would accept such treatment of his own volition, and without it his symptoms could intensify; and they recommended Bryant's commitment under section 4245. The opinions of the FMC professionals supported the district court's order.

Accordingly, we affirm the judgment of the district court. Counsel's motion to withdraw is granted.

_____