# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-2736

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the District of |
| | * | North Dakota. |
| | * | |
| Rodney Lavell Booker, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: February 15, 2011
Filed: May 25, 2011

_____

Before RILEY, Chief Judge, WOLLMAN, Circuit Judge, and KYLE,[1] District Judge.

_____

RILEY, Chief Judge.

Rodney Lavell Booker appeals his mandatory minimum 120-month sentence, which the district court[2] imposed after Booker pled guilty to various drug trafficking

_____

[1]The Honorable Richard H. Kyle, United States District Judge for the District of Minnesota, sitting by designation.

[2]The Honorable Ralph R. Erickson, Chief Judge, United States District Court for the District of North Dakota.

crimes. Booker contends (1) he is the victim of "sentencing entrapment," and (2) the government's 21 U.S.C. § 851(a) notice was defective. We affirm.

## I.    BACKGROUND

In June 2009, a grand jury returned a six-count indictment against Booker and Alphonzo Ervin Williams.[3] Count 1 charged participation in a 2009 conspiracy to possess with intent to distribute and to distribute crack cocaine and heroin, in violation of 21 U.S.C. § 846. Counts 2 through 6 charged specific controlled substance offenses, each in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2: Count 2 charged distribution of approximately 1.77 grams of a mixture and substance containing crack cocaine on or about February 19, 2009; Count 3 charged distribution of approximately 4.9 grams of a mixture and substance containing crack cocaine on or about March 11, 2009; Count 4 charged possession with intent to distribute approximately 8.97 grams of crack cocaine on or about March 18, 2009; Count 5 charged possession with intent to distribute approximately 6.42 grams of a mixture and substance containing heroin on or about March 18, 2009; and Count 6 charged possession with intent to distribute approximately 13.2 grams of a mixture and substance containing crack cocaine on or about March 18, 2009.

On July 9, 2009, the government filed a "Notice Regarding Prior Conviction for Enhanced Sentence Pursuant to 21 U.S.C. § 851(a)(1)."[4] The government

_____

[3]Williams was named in four of the six counts. Williams's case is the subject of a separate appeal, and we ignore Williams's involvement here except where pertinent to Booker's appeal.

[4]In pertinent part, § 851(a)(1) provides,

No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court (and serves a

-2-

identified that, in 2000, Booker was convicted in the United States District Court for the Eastern District of Wisconsin of distribution and possession with intent to distribute 50 grams or more of crack cocaine. The notice then states:

> In the Indictment, [Booker] is alleged to have knowingly and intentionally combined, conspired, confederated, and agreed together with others . . . to possess with intent to distribute and distribute in excess of 5 grams of [crack cocaine] . . . , and heroin, . . . in violation of [21 U.S.C. §§ 841(a)(1) and 846, and 18 U.S.C. § 2].
>
> Pursuant to [§] 841(b)(1)(B)(iii),[5] if convicted of this charge, [Booker] faces a mandatory ten (10) year sentence . . . .
>
> Therefore, the United States respectfully submits that upon conviction of the charge contained in the Indictment, [Booker] . . . is subject to the mandatory penalty of ten (10) years imprisonment.

On October 19, 2009, Booker pled guilty to Counts 3-6 without a written plea agreement. The parties accepted the district court's characterization of their understanding of Booker's decision to plead guilty as "an open plea with the only agreement being that if [Booker] pleads guilty to [Counts 3-6] that the government will dismiss Counts [1] and [2]," "stipulating to the relevant conduct and the total amount of the crack involved" and "putting sentencing off for . . . six months."

---

copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon.

[5]At all relevant times, § 841(b)(1)(B)(iii) read, "In the case of a violation of [21 U.S.C. § 841(a)(1)] involving . . . 5 grams or more of a mixture or substance [containing a detectable amount of cocaine base] . . . such person shall be sentenced to a term of imprisonment which may not be less than 10 years and not more than life imprisonment" if such person "commits such a violation after a prior conviction for a felony drug offense."

-3-

Booker denied he conspired with anyone and testified in Williams's defense at Williams's trial.

At all times, the parties agreed Booker was subject to a ten-year mandatory minimum sentence.[6] In July 2010, the district court held a sentencing hearing at which the parties accepted the PSR's drug calculation finding Booker was responsible for 28.84 grams of cocaine base and 6.42 grams of heroin. Before sentencing Booker, the district court observed:

> I think that it's a sad case because of the mandatory minimums that apply to it. It's a sad case because I think that part of our problem is that while we spend many dollars on incarceration we don't do a very good job of really bridging people back into the community and providing them with the support that they need.
>
> * * *
>
> [I]t does appear to me that there are compelling arguments for a sentence that would be below the guideline range in this case if that were available to the Court.
>
> * * *
>
> On Counts [3] and [5], which the Court does not confront the mandatory minimum sentence, the Court imposes what it believes would

---

[6]There initially was confusion as to which counts carried the ten-year mandatory minimum. At the plea hearing, the district court told Booker Counts 3 and 5 carried the mandatory minimum sentence. Booker's Presentence Investigation Report (PSR) indicates Counts 4 and 6 required the mandatory minimum. At sentencing, the district court initially said the mandatory minimum applied to Counts 2, 3 and 5, whereupon the government interjected, "It actually might be just Count Five that the mandatory minimum applies to." The parties and the district court eventually—and correctly—agreed Counts 4 and 6 carried the mandatory minimum sentence.

have been an appropriate sentence in the absence of the mandatory minimums.

The district court sentenced Booker to 120 months on Counts 4 and 6, and 48 months on Counts 3 and 5, to run concurrently. Booker appeals his sentences on Counts 4 and 6.

## II.    DISCUSSION

Booker argues (1) "a finding of sentence entrapment would have permitted the district court to reduce the drug quantities . . . which, in turn, would have eliminated the enhanced 120-month mandatory minimum under 21 U.S.C. § 841(b)" and (2) the government's 21 U.S.C. § 851(a) notice was defective.

### A.    Sentencing Entrapment

In the district court, Booker argued a mandatory minimum sentence would be the result of improper "sentencing manipulation." At no time did Booker argue his mandatory minimum sentence would be the product of "sentencing entrapment."

Sentencing manipulation and sentencing entrapment are distinct defenses available to defendants. See United States v. Mai Vo, 425 F.3d 511, 513-14 (8th Cir. 2005).

> If an individual, "predisposed to commit a minor or lesser offense, is entrapped in[to] committing a greater offense subject to greater punishment" he may have a sentencing entrapment defense. United States v. Stuart, 923 F.2d 607, 613 (8th Cir. 1991). The focus of such a defense is on the defendant's predisposition to commit the crime. United States v. Searcy, 284 F.3d 938, 942 (8th Cir. 2002). In contrast, sentencing manipulation focuses on "whether the government stretched out the investigation merely to increase (the defendant's sentence)," United States v. Shephard, 4 F.3d 647, 649 (8th Cir. 1993), but the defense is undermined by evidence that a series of undercover purchases

was made for the purpose of probing "the depth and extent of a criminal enterprise, [determining] whether coconspirators exist, [or tracing] the drug deeper into the distribution hierarchy." United States v. Calva, 979 F.2d 119, 123 (8th Cir. 1992).

Id.

The district court rejected Booker's sentencing manipulation defense, reasoning the short lapse of time between his first and final controlled buys was evidence the government did not stretch out its investigation merely to increase Booker's sentence. Booker does not complain on appeal the district court clearly erred in failing to find sentencing manipulation.

Booker criticizes the district court for failing to "make the required sentencing entrapment findings to determine whether it could reduce the drug quantity." Booker says the district court "appl[ied] improper criteria," did not "appl[y] the correct test," and thus "failed to realize its authority to reduce the drug quantity below the mandatory minimum threshold."

Booker's arguments are unpersuasive. The district court appropriately responded to the argument Booker presented, which did not involve entrapment.[7] The district court did precisely what Booker asked: focus on alleged wrongful government conduct as opposed to any predisposition (or lack thereof) on Booker's part to sell crack cocaine. Now Booker asks for a remand to the district court to make a finding on sentencing entrapment. It is difficult to fathom how the district court applied

_____

[7]The district court used the phrase "sentencing entrapment" at Booker's sentencing hearing. Reading the entire sentencing transcript shows Booker did not argue sentencing entrapment in the district court, the district court's references to "sentencing entrapment" when defining and discussing "sentencing manipulation" were merely misstatements, and the district court did not rule on sentencing entrapment.

"improper criteria" when Booker concedes the district court properly applied the law to the facts on the only argument Booker pressed at his sentencing.  See Mai Vo, 425 F.3d at 513-14.

Because Booker did not raise his sentencing entrapment argument in the district court, plain error review applies on appeal.  See United States v. Rush-Richardson, 574 F.3d 906, 910 (8th Cir. 2009).  Booker's characterization of the district court's failure to rule on sentencing entrapment as procedural error under Gall v. United States, 552 U.S. 38 (2007), does not avoid the plain error doctrine.  See United States v. Deegan, 605 F.3d 625, 629 (8th Cir. 2010) ("[The defendant] raised no procedural objection in the district court, so we consider her claims of procedural error under the plain-error standard.").

To demonstrate plain error, Booker must establish

> (1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected [Booker's] substantial rights, which in the ordinary case means it affected the outcome of the district court proceedings; and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings.

United States v. Marcus, __ U.S. __, __, 130 S. Ct. 2159, 2164 (2010) (quoting Puckett v. United States, __ U.S. __, __, 129 S. Ct. 1423, 1429, (2009) (internal marks omitted)).  Plain-error relief is discretionary.  See Weems v. United States, 217 U.S. 349, 362 (1910).

Booker's sentencing entrapment argument fails on the second element of the plain error test.  Even if the district court erred by failing to find sentencing entrapment, any such error was not "clear or obvious."  See Marcus, __ U.S. at __, 130 S. Ct. at 2164.  Whether Booker was predisposed to sell more than 5 grams of crack cocaine is a factual issue subject to reasonable dispute.  Strong evidence exists

in the record weighing against Booker's claim that he was not so predisposed: for example, it is undisputed Booker was a convicted crack dealer who was released from federal prison less than eight months before the conduct at issue in this appeal. See United States v. Hunt, 171 F.3d 1192, 1196 (8th Cir. 1999) (holding, in the sentencing context, prior illegal drug trafficking crimes undermined defendant's sentencing entrapment argument). There is no evidence of particular difficulty in getting Booker to entertain the idea of selling crack cocaine. See Searcy, 284 F.3d at 942 (reversing, in a sentencing context, the district court's entrapment finding).

### B.      Section 851(a) Notice

Booker argues the government's § 851(a) notice was defective, because it only indicated he would be subject to the ten-year mandatory minimum sentence if convicted of Count 1. For present purposes, Booker concedes plain error review is appropriate, "because the district court and all parties overlooked the explicit statutory restriction in 21 U.S.C. § 851(a) on the court's authority to impose an enhanced mandatory minimum sentence."[8]

The parties do not cite any cases directly on point, which undercuts Booker's plain error argument. See United States v. Jacobs, 136 F.3d 1187, 1190-91 (8th Cir. 1998) (finding no plain error where "[a]s far as we can tell, our court has never considered any cases" of the sort). Booker's situation is not, for example, a case in which the government altogether failed to file a § 851(a) notice. See, e.g., Neary v. United States, 998 F.2d 563, 565 (8th Cir. 1993) (discussing timely compliance).

---

[8]Booker concedes that, under United States v. Mooring, 287 F.3d 725, 727-28 (8th Cir. 2002), non-compliance with § 851(a) is not jurisdictional, but Booker preserves his challenge to Mooring for possible en banc or Supreme Court review. If non-compliance were jurisdictional, our review would be de novo. See Borntrager v. Cent. States Se. & Sw. Areas Pension Fund, 577 F.3d 913, 919 (8th Cir. 2009).

Of the reported cases, the closest case is <u>United States v. Thompson</u>, 473 F.3d 1137 (11th Cir. 2006). <u>Thompson</u> does not help Booker. In <u>Thompson</u>, the government notified the defendant of its intent to seek an enhanced mandatory minimum sentence as to all six counts in an indictment (original counts). <u>Id.</u> at 1140-41. After a mistrial, a grand jury returned a superseding indictment, which contained the original counts and five other counts (additional counts). <u>Id.</u> at 1141. The government did not file a second § 851(a) notice before the jury verdict. <u>Id.</u> A jury later found the defendant guilty of all eleven counts, and—over the defendant's objection that the government had not provided a § 851(a) notice as to the additional counts—the district court imposed enhanced mandatory minimum sentences on some of the additional counts. <u>Id.</u> The Eleventh Circuit affirmed, reasoning:

> So far as the plain language of § 851(a)(1) is concerned, there is nothing to prevent the effect of an information from projecting forward to charges that are later added to an indictment. Even where the effect is projected forward, the information still was filed "before trial" and it stated "in writing the previous convictions to be relied upon," which is all that 21 U.S.C. § 851(a)(1) requires on its face. There is no requirement in the statute that the information specify which charges in the indictment will result in an enhanced sentence because of the previous convictions. <u>See</u> § 851(a)(1).
>
> Nor is it necessary to limit the effect of a filed information to the charges in the indictment at the time of the filing in order to fulfill the purposes of the statutory provision. An information filed before trial gives the defendant an opportunity to contest the validity of the specified prior convictions regardless of whether the effect extends to future as well as present charges. The failure to file a new § 851(a)(1) information does not remove or reduce the opportunity to challenge the prior convictions. That opportunity continues to exist until the time of sentencing . . . .
>
> As to the second purpose of the § 851(a)(1) requirement, failure to refile an information after a superseding indictment does not interfere with the defendant's determination whether to enter a plea or go to trial

or with his ability to shape his strategy with full knowledge of the penalties he faces. The information that has already been filed in the record puts the defendant on notice that the government intends to use his prior convictions to increase the sentences he will receive to the maximum extent possible. Thompson does not contend that he would have done anything differently if the government had filed another § 851(a)(1) information.

Id. at 1146-47 (citation omitted).

Similar reasoning applies here. The government's notice fulfilled § 851(a)'s requirements, as well as its purpose, by informing Booker of his prior convictions, with ample time to decide whether to enter a plea or go to trial with full knowledge of the consequences of a guilty verdict. See United States v. Johnson, 944 F.2d 396, 406-07 (8th Cir. 1991) (discussing § 851(a)'s purpose). Booker has not demonstrated any "error" warranting plain error relief. See Marcus, __ U.S. at __, 130 S. Ct. at 2164.

More generally, it is not so "clear or obvious" that the government's notice failed to comply with § 851(a) such that plain error relief is warranted. See id. Apart from timing, § 851(a) by its terms only requires the government's notice "stat[e] in writing the previous convictions to be relied upon." Section 851(a) does not expressly require the government to state which count(s) in the indictment carry the enhanced mandatory minimum sentence. See Thompson, 473 F.3d at 1146-47. See also United States v. Severino, 316 F.3d 939, 943 (9th Cir. 2003) (en banc) (remarking that § 851(a) has four requirements and not identifying specification of the enhancing counts as one of the four). The mere fact the government went beyond § 851(a)'s bare requirements in Booker's case and endeavored to identify the count in the indictment that would carry the enhanced mandatory minimum sentence does not plainly violate § 851(a)'s terms. See United States v. Williams, 584 F.3d 714, 716-17 (7th Cir. 2009) (recalling that "[s]ometimes the notice contains the . . . wrong offense," telling a U.S. Attorney's Office to "get its act together," urging the Department of Justice to curb

"the problem of noncompliance or sloppy compliance" with § 851(a), but declining to reverse "when it does not confuse the defendant or his lawyer").

## III. CONCLUSION

We affirm.

_____