PER CURIAM.
Constantino Eredia directly appeals after the district court[1] revoked his supervised release and sentenced him above the Chapter 7 advisory Guidelines range to the statutory maximum of 36 months in prison. His counsel has filed a brief, arguing (1) that Eredia’s revocation sentence was unreasonable, and (2) that Eredia received ineffective assistance of counsel in the revocation proceedings. His counsel has also moved for leave to withdraw.
Upon careful review, we conclude that the district court neither erred procedurally nor made a substantively unreasonable decision, and thus the court did not impose an unreasonable revocation sentence. See United States v. Feemster, 572 F.3d 455, 461 (8th Cir.2009) (en banc) (describing appellate review of sentencing decisions); see also United States v. Young, 640 F.3d 846, 848 (8th Cir.2011) (per curiam) (same review standard applies for revocation sentence as for initial sentence). Next, we decline to consider Eredia’s ineffective-assistance argument on direct appeal, because ineffective-assistance claims ordinarily are deferred to 28 U.S.C. § 2255 proceedings. See United States v. McAdory, 501 F.3d 868, 872-72 (8th Cir.2007).
As for counsel’s motion to withdraw, we conclude that allowing counsel to withdraw at this time would not be consistent with the Eighth Circuit’s 1994 Amendment to Part V of the Plan to Implement The Criminal Justice Act of 1964. We therefore deny counsel’s motion to withdraw as *621 premature, without prejudice to counsel refiling the motion upon fulfilling the duties set forth in the Amendment.

. The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.