United States Court of Appeals

For the Eighth Circuit

_____

No. 14-1827
_____

United States of America

*Plaintiff - Appellee*

v.

Kamel Elburki

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City
_____

Submitted: November 7, 2014
Filed: November 17, 2014
[Unpublished]
_____

Before COLLOTON, BOWMAN, and SHEPHERD, Circuit Judges.
_____

PER CURIAM.

Kamel Elburki directly appeals the sentence the district court[1] imposed after he pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C.

_____

[1]The Honorable Howard F. Sachs, United States District Judge for the Western District of Missouri.

§§ 922(g)(1) and 924(a)(2). His counsel has filed a brief under Anders v. California, 386 U.S. 738 (1967), challenging the denial of a suppression motion and the substantive reasonableness of Elburki's sentence, and raising an ineffective-assistance claim. Counsel also seeks leave to withdraw. Elburki has filed a supplemental brief, claiming prosecutorial misconduct and challenging, among other things, the voluntariness of his plea and the validity of his sentence.

To begin, we decline to consider counsel's ineffective-assistance claim. See United States v. McAdory, 501 F.3d 868, 872-73 (8th Cir. 2007) (appellate court ordinarily defers ineffective-assistance claims to 28 U.S.C. § 2255 proceedings). We next conclude that Elburki's plea was valid, without consideration of his newly asserted challenge to the voluntariness of his plea based on alleged prosecutorial misconduct. See United States v. Villareal-Amarillas, 454 F.3d 925, 932 (8th Cir. 2006) (involuntary-plea claim must be presented first to district court, otherwise claim is not cognizable on direct appeal). We further conclude that, to the extent the sentence is reviewable, no abuse of discretion occurred. See United States v. Feemster, 572 F.3d 455, 461, 464 (8th Cir. 2009) (en banc) (describing appellate review of sentencing decisions); United States v. Dalton, 478 F.3d 879, 881 (8th Cir. 2007) (extent of downward departure in defendant's favor lies within district court's discretion and is virtually unreviewable on defendant's appeal, absent unconstitutional motive animating district court). With respect to the remaining issues raised on appeal, we conclude that they are non-jurisdictional and foreclosed by Elburki's valid guilty plea. See United States v. Staples, 435 F.3d 860, 864 (8th Cir. 2006) (by entering valid guilty plea, defendant waives all non-jurisdictional defects or errors). Finally, having independently reviewed the record pursuant to Penson v. Ohio, 488 U.S. 75 (1988), we find no nonfrivolous issues.

As for counsel's motion to withdraw, we conclude that allowing counsel to withdraw at this time would not be consistent with the Eighth Circuit's 1994 Amendment to Part V of the Plan to Implement The Criminal Justice Act of 1964. We

therefore deny counsel's motion to withdraw as premature, without prejudice to counsel refiling the motion upon fulfilling the duties set forth in the Amendment.

Judge Colloton would grant counsel's motion to withdraw.  See United States v. Eredia, 578 F. App'x 620, 621 (8th Cir.  2014) (Colloton, J., concurring in part and dissenting in part).

_____