# United States Court of Appeals
### For the Eighth Circuit

_____

No. 14-1794

_____

United States of America,

*Plaintiff - Appellee*,

v.

James Clark,

*Defendant - Appellant*.

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: October 17, 2014
Filed: November 17, 2014
[Unpublished]

_____

Before COLLOTON, BOWMAN, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

James Clark directly appeals the below-Guidelines-range sentence the district court[1] imposed after he pled guilty to drug-conspiracy and gun charges. His counsel

---

[1]The Honorable Catherine D. Perry, Chief Judge, United States District Court for the Eastern District of Missouri.

has filed a brief under *Anders v. California*, 386 U.S. 738 (1967), arguing that the court procedurally erred by giving inadequate consideration to Clark's mental-health issues, and imposed a substantively unreasonable sentence. In addition, counsel has moved for leave to withdraw.

Upon careful review, we conclude that the district court adequately considered the 18 U.S.C. § 3553(a) sentencing factors, including Clark's mental-health issues, and did not impose an unreasonable sentence. *See United States v. Feemster*, 572 F.3d 455, 461(8th Cir. 2009) (en banc) (describing appellate review of sentencing decisions); *United States v. Lazarski*, 560 F.3d 731, 733 (8th Cir. 2009) (where district court varied downward from Guidelines range, it was "nearly inconceivable" that court abused its discretion in not varying downward further). Finally, having independently reviewed the record pursuant to *Penson v. Ohio*, 488 U.S. 75 (1988), we find no nonfrivolous issues.

As for counsel's motion to withdraw, we conclude that allowing counsel to withdraw at this time would not be consistent with the Eighth Circuit's 1994 Amendment to Part V of the Plan to Implement The Criminal Justice Act of 1964. We therefore deny counsel's motion to withdraw as premature, without prejudice to counsel refiling the motion upon fulfilling the duties set forth in the Amendment.

Judge Colloton would grant counsel's motion to withdraw. *See United States v. Eredia*, 578 F. App'x 620, 621 (8th Cir. 2014) (Colloton, J., concurring in part and dissenting in part).

_____