# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-1497
_____

United States of America

*Plaintiff - Appellee*

v.

Armando Dominguez-Morales

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City
_____

Submitted: November 5, 2014
Filed: November 17, 2014
[Unpublished]
_____

Before COLLOTON, BOWMAN, and SHEPHERD, Circuit Judges.
_____

PER CURIAM.

Armando Dominguez-Morales appeals from the judgment imposed in his criminal case. Dominguez pleaded guilty to conspiring to distribute methamphetamine, 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii), 846, and to conspiring to possess firearms during and in relation to a drug-trafficking crime, 18 U.S.C. § 924(c)(1)(A), (o). In the parties' written plea agreement, Dominguez waived the

right to appeal or collaterally attack his conviction or sentence except for claims of ineffective assistance, prosecutorial misconduct, an illegal sentence, or "the theory of sentencing entrapment." The District Court[1] imposed a below-Guidelines sentence of 180 months in prison, and Dominguez appeals. Counsel has submitted a brief under Anders v. California, 386 U.S. 738 (1967), and a motion to withdraw. Dominguez has submitted a pro se brief in which he argues that sentencing manipulation occurred because officers deliberately and unnecessarily extended their undercover investigation resulting in a larger drug quantity attributed to him and a larger base-offense level at sentencing.

After careful review, we dismiss this appeal in accordance with the appeal waiver. See United States v. Scott, 627 F.3d 702, 704 (8th Cir. 2010) (standard of review); United States v. Andis, 333 F.3d 886, 889–90 (8th Cir.) (en banc) (appeal-waiver rule), cert. denied, 540 U.S. 997 (2003). Dominguez's appeal falls within the scope of the waiver because he did not preserve the right to appeal based on a claim of sentencing manipulation. See United States v. Booker, 639 F.3d 1115, 1118 (8th Cir.) (explaining the difference between a sentencing-entrapment defense and a sentencing-manipulation defense), cert. denied, 132 S. Ct. (2011). The record shows that he knowingly and voluntarily entered into the plea agreement and appeal waiver. See Andis, 333 F.3d at 890–91 (stating that a district court can ensure that a plea agreement and appeal waiver are entered into knowingly and voluntarily by properly questioning the defendant about his decision); Nguyen v. United States, 114 F.3d 699, 703 (8th Cir. 1997) (noting that a defendant's statements during a plea hearing "carry a strong presumption of verity") (citations to quoted cases omitted). Further, enforcing the waiver would not result in a miscarriage of justice in this case. See Andis, 333 F.3d at 892 (stating that a sentence within the statutory range is not subject to appeal as a miscarriage of justice). Our independent review of the record under

---

[1]The Honorable Fernando J. Gaitan, Jr., United States District Judge for the Western District of Missouri.

<u>Penson v. Ohio</u>, 488 U.S. 75, 80 (1988), reveals no nonfrivolous issues outside the scope of the appeal waiver.

Accordingly, the appeal is dismissed. As for counsel's motion to withdraw, we conclude that allowing counsel to withdraw at this time would not be consistent with the Eighth Circuit's 1994 Amendment to Part V of the Plan to Implement The Criminal Justice Act of 1964. We therefore deny counsel's motion to withdraw as premature, without prejudice to counsel refiling the motion upon fulfilling the duties set forth in the Amendment.

Judge Colloton would grant counsel's motion to withdraw. <u>See</u> <u>United States v. Eredia</u>, 578 F. App'x 620, 621 (8th Cir. 2014) (Colloton, J., concurring in part and dissenting in part).

_____