# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-2879

_____

United States of America

*Plaintiff - Appellee*

v.

Robert Washington

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: March 10, 2015
Filed: March 13, 2015
[Unpublished]

_____

Before BYE, COLLOTON, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Robert Washington directly appeals the sentence the district court[1] imposed after he pled guilty to drug-related charges, and a felon-in-possession charge. His

_____

[1]The Honorable Catherine D. Perry, Chief Judge, United States District Court for the Eastern District of Missouri.

counsel has moved to withdraw, and has filed a brief citing <u>Anders v. California</u>, 386 U.S. 738 (1967), acknowledging an appeal waiver in Washington's plea agreement, and otherwise challenging Washington's sentence.

Upon careful de novo review, we conclude that the appeal waiver is enforceable. <u>See</u> <u>United States v. Andis</u>, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc) (court should enforce appeal waiver and dismiss appeal where it falls within scope of waiver, plea agreement and waiver were entered into knowingly and voluntarily, and no miscarriage of justice would result); <u>see also</u> <u>United States v. Scott</u>, 627 F.3d 702, 704 (8th Cir. 2010) (de novo review of validity and applicability of appeal waiver). In addition, having reviewed the record independently under <u>Penson v. Ohio</u>, 488 U.S. 75 (1988), we find no non-frivolous issues outside the scope of the appeal waiver. Accordingly, we dismiss this appeal based upon the appeal waiver.

As for counsel's motion to withdraw, we conclude that allowing counsel to withdraw at this time would not be consistent with the Eighth Circuit's 1994 Amendment to Part V of the Plan to Implement The Criminal Justice Act of 1964. We therefore deny counsel's motion to withdraw as premature, without prejudice to counsel refiling the motion upon fulfilling the duties set forth in the Amendment.

Judge Colloton would grant counsel's motion to withdraw. <u>See</u> <u>United States v. Eredia</u>, 578 Fed. Appx. 620, 621 (8th Cir. 2014) (Colloton, J., concurring in part and dissenting in part).

_____