# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-3616
_____

United States of America

*Plaintiff - Appellee*

v.

Janelle Zoch

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Northern District of Iowa - Sioux City
_____

Submitted: April 7, 2014
Filed: April 16, 2015
[Unpublished]
_____

Before BYE, COLLOTON, and SHEPHERD, Circuit Judges.
_____

PER CURIAM.

Janelle Zoch directly appeals the sentence the district court[1] imposed after she pled guilty to conspiring to obstruct justice. Her counsel has moved to withdraw, and

_____

[1]The Honorable Mark W. Bennett, United States District Judge for the Northern District of Iowa.

has filed a brief citing Anders v. California, 386 U.S. 738 (1967), acknowledging an appeal waiver in Zoch's plea agreement, and otherwise challenging Zoch's sentence.

Upon careful de novo review, we conclude that the appeal waiver is enforceable. See United States v. Andis, 333 F.3d 886, 889-90 (8th Cir. 2003) (en banc) (appeal waiver will be enforced where appeal falls within scope of waiver, plea agreement and waiver were entered into knowingly and voluntarily, and no miscarriage of justice would result); see also United States v. Scott, 627 F.3d 702, 704 (8th Cir. 2010) (de novo review of validity and applicability of appeal waiver). In addition, having reviewed the record independently under Penson v. Ohio, 488 U.S. 75 (1988), we find no non-frivolous issues outside the scope of the appeal waiver. Accordingly, we dismiss this appeal based upon the appeal waiver.

As for counsel's motion to withdraw, we conclude that allowing counsel to withdraw at this time would not be consistent with the Eighth Circuit's 1994 Amendment to Part V of the Plan to Implement The Criminal Justice Act of 1964. We therefore deny counsel's motion to withdraw as premature, without prejudice to counsel refiling the motion upon fulfilling the duties set forth in the Amendment.

Judge Colloton would grant counsel's motion to withdraw. See United States v. Eredia, 578 Fed. Appx. 620, 621 (8th Cir. 2014) (unpublished per curiam) (Colloton, J., concurring in part and dissenting in part.)

_____