# United States Court of Appeals
### For the Eighth Circuit

_____

No. 14-3480

_____

United States of America,

*Plaintiff - Appellee,*

v.

Montez Bush,

*Defendant - Appellant.*

_____

Appeal from United States District Court
for the Western District of Missouri - Springfield

_____

Submitted: April 9, 2015
Filed: April 23, 2015
[Unpublished]

_____

Before BYE, COLLOTON, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Federal prisoner Montez Bush is serving a 180-month sentence imposed in the Southern District of Ohio in 2007 after a jury convicted him of drug and firearm offenses. In March 2014, he was transferred from a federal prison in California to the United States Medical Center for Federal Prisoners (MCFP) in Springfield, Missouri, as a result of his psychological deterioration. In April 2014, the government filed this

18 U.S.C. § 4245 petition, alleging there was reasonable cause to believe, based on a psychological report prepared by MCFP's mental health professionals, that Bush was suffering from a mental disease or defect for which he was in need of treatment in a suitable facility. After an independent evaluation and a hearing, the district court[1] entered a commitment order under section 4245, and Bush appeals.

Section 4245 provides for the hospitalization and treatment of an imprisoned person suffering from a mental disease or defect, until he no longer needs treatment or his prison sentence expires, whichever occurs first. Following careful review of the record, we have determined the district court's finding that Bush was in need of commitment for mental health treatment is supported by a preponderance of the evidence, *see* 18 U.S.C. § 4245(d), and is not clearly erroneous, *see United States v. Bean,* 373 F.3d 877, 879 (8th Cir. 2004). Specifically, the consensus of the mental health professionals amply establishes that Bush is presently suffering from a mental disease or defect--schizophrenia--for which he is in need of treatment in a suitable facility, notwithstanding Bush's testimony denying his mental illness. The record shows, among other things, that Bush continues to have symptoms while medicated, he has been deemed in need of suicide-watch placement, he has been aggressive and threatening, and he has indicated there may be consequences to others related to his delusional beliefs about his thoughts being monitored. *See United States v. Eckerson,* 299 F.3d 913, 914-15 (8th Cir. 2002) (per curiam).

As for counsel's motion to withdraw, we conclude that allowing counsel to withdraw at this time would not be consistent with the Eighth Circuit's 1994 Amendment to Part V of the Plan to Implement The Criminal Justice Act of 1964. We

---

[1]The Honorable M. Douglas Harpool, United States District Judge for the Western District of Missouri, adopting the report and recommendations of the Honorable David P. Rush, United States Magistrate Judge for the Western District of Missouri.

therefore deny counsel's motion to withdraw as premature, without prejudice to counsel refiling the motion upon fulfilling the duties set forth in the Amendment.

Judge Colloton would grant counsel's motion to withdraw. *See United States v. Eredia,* 578 Fed. Appx. 620, 621 (8th Cir. 2014) (per curiam) (Colloton, J., concurring in part and dissenting in part).

_____