# IN THE COURT OF APPEALS OF IOWA

No. 17-2085
Filed October 24, 2018

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**ERIC McINTOSH JR.,**
    Defendant-Appellant.

_____

Appeal from the Iowa District Court for Washington County, Joel D. Yates, Judge.

Eric McIntosh Jr. challenges his conviction for delivery of methamphetamine. **AFFIRMED.**

Eric D. Tindal of Keegan & Farnsworth, Iowa City, for appellant.

Thomas J. Miller, Attorney General, and Kyle P. Hanson and Tyler J. Buller, Assistant Attorneys General, for appellee.

Considered by Potterfield, P.J., and Bower and McDonald, JJ.

**BOWER, Judge.**

On November 15, 2017, Eric McIntosh Jr. was convicted by a jury of a class "B" felony, delivery of methamphetamine, in violation of Iowa Code sections 124.401(1)(b)(7) (2017) and 124.413. McIntosh's sole claim on appeal is his trial counsel was ineffective for not asserting an affirmative defense of sentencing entrapment.

Sentencing entrapment is a federal defense where a defendant who would otherwise have commited a lesser offense is entrapped into delivering a higher quantity of drugs, resulting in an increased sentence. *See United States v. Booker*, 639 F.3d 1115, 1118 (8th Cir. 2011). McIntosh concedes Iowa courts have not recognized sentencing entrapment as a valid affirmative defense and that counsel cannot be held ineffective for not raising an issue not available under Iowa law. *See State v. Artzer*, 609 N.W.2d 526, 532 (Iowa 2000); *State v. Phillips*, No. 99-444, 2000 WL 328074, at *1–2 (Iowa Ct. App. Mar. 29, 2000). We agree, and counsel therefore did not breach a duty by not asserting sentencing entrapment as an affirmative defense.

Even if sentencing entrapment were recognized by Iowa courts, it would fail in McIntosh's case. McIntosh offered to sell law enforcement four ounces of methampthetamine, approximately 112 grams, and law enforcement then requested five ounces, approximately 140 grams. McIntosh delivered approximately 125 grams of "ice" methamphetamine to law enforcement in a controlled buy. The quantities of four ounces and five ounces both fall within the class "B" felony for delivery of methamphetamine under Iowa law and carry the

same sentence.[1]  The quantity increase requested by law enforcement had no effect on McIntosh's offense or sentence.

We hold McIntosh's counsel did not provide ineffective assistance by not asserting sentencing entrapment as an affirmative defense.

**AFFIRMED.**

---

[1]  The class "B" felony quantity range for methamphetamine is five grams to five kilograms. Iowa Code § 124.401(1)(b)(7).